******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE PROBATE APPEAL OF CHRISTOPHER
KUSMIT ET AL., COADMINISTRATORS
(ESTATE OF CONNOR KUSMIT)
(AC 40671)

Elgo, Bright and Moll, Js.

*Syllabus*

The plaintiff coadministrators of the estate of the decedent appealed to
the trial court from the decision of the Probate Court allocating the
distribution of certain disputed attorney's fees, totaling $66,666.67, to
the defendant attorney D and to M, an attorney, both of whom previously
represented the estate. The trial court rendered judgement, awarding D
$40,000 in attorney's fees and ordering M, who was holding the disputed
attorney's fees, to disburse that amount to D and return to the estate
$26,666. On appeal to this court, the plaintiffs claimed that certain of
the legal fees in dispute belonged to M, who was not a party to the
action. Specifically, they claimed that, although they were obligated to
pay the entirety of the disputed fees, they were aggrieved by the court's
decision to allocate the disputed attorney's fees to D instead of to M's
law firm. *Held* that because the plaintiffs were not aggrieved by the
judgment of the Superior Court, they lacked standing to appeal from
that judgment, and, therefore, this court lacked subject matter jurisdic-
tion over the appeal; the plaintiffs did not claim to be statutorily
aggrieved by the judgment of the trial court, and they were not classically
aggrieved, as they failed to provide any legal authority to support their
proposition that administrators of an estate have a specific, personal
and legal interest in how a court allocates the distribution of attorney's
fees when the estate claims no interest in any portion of those fees,
and although the court awarded a portion of the disputed fees to a party
not of the plaintiffs' choosing, the plaintiffs failed to show how they
were specifically and injuriously affected by the trial court's allocation
of the disputed fees.

Argued December 10, 2018—officially released March 5, 2019

*Procedural History*

Appeal from the order and decree of the Probate
Court for the district of East Haven-North Haven allo-
cating the distribution of certain attorney's fees,
brought to the Superior Court in the judicial district
of New Haven and tried to the court, *S. Richards, J.*;
judgment in part for the defendant Douglas Mahoney,
from which the plaintiffs appealed to this court.
*Appeal dismissed*.

*Ryan Veilleux*, with whom, on the brief, was *Edmund
Q. Collier*, for the appellants (plaintiffs).

*Damian K. Gunningsmith*, with whom, on the brief,
was *John R. Horvack, Jr.*, for the appellee (defendant
Douglas Mahoney).

*Opinion*

ELGO, J. In this dispute over attorney's fees, the plaintiffs, the coadministrators of the estate of Connor Kusmit,[1] appeal from the judgment of the Superior Court rendered in favor of the defendant Douglas Mahoney.[2] We conclude that the plaintiffs lack standing to challenge that judgment. We, therefore, lack subject matter jurisdiction and, accordingly, dismiss the plaintiffs' appeal.

The record reveals the following undisputed facts. On August 29, 2012, Connor Kusmit was riding a bicycle when he was struck by a vehicle operated by Christina Groumousas. He died as a result of the collision. On September 20, 2012, the plaintiffs signed a retainer agreement with the defendant's law firm, which provided that the law firm was to represent them, on behalf of the estate, in connection with their claim for damages "resulting from an event which occurred on or about the 29th day of August, 2012 at Clintonville Rd. North Haven." The plaintiffs agreed to pay the defendant's law firm one third of the gross amount recovered. The defendant subsequently settled a wrongful death claim against Groumousas for $50,000, and the Probate Court approved the settlement on July 16, 2013.

On March 28, 2014, Christopher Kusmit called the defendant and requested a copy of the estate's file. On May 7, 2014, Attorney John Mills wrote to the defendant to notify him that he had been retained by the plaintiffs and would be pursuing an underinsured motorist claim on behalf of the estate.[3] On May 13, 2014, the defendant filed a request in the Probate Court, seeking permission to take his one-third contingency fee of $16,666 and expenses from the $50,000 wrongful death claim settlement, and informed the Probate Court that he no longer represented the estate. On July 8, 2014, the Probate Court ordered the disbursement of $31,499.08, the amount remaining after the payment of the defendant's fees and expenses, to the plaintiffs from the wrongful death claim settlement. On that same date, the Probate Court also authorized Mills' settlement of the underinsured motorist claim for $200,000. Thereafter, the defendant notified the Probate Court that he was claiming a portion of the $66,666.67 in attorney's fees that Mills sought from the $200,000 underinsured motorist claim settlement (disputed fees).

After a hearing held on May 4, 2015, at which only the defendant appeared, the Probate Court entered an order allocating $40,000 of the disputed fees to the defendant and the remaining $26,666.67 to Mills, from which the plaintiffs subsequently appealed to the Superior Court. Following a trial de novo held on January 20, 2017, the Superior Court awarded the defendant $40,000 in fees and ordered Mills, who was holding the disputed funds, to disburse that amount to the defen-

dant and return to the estate $26,666.[4] This appeal followed. On December 4, 2018, this court, sua sponte, ordered the following: "In light of the [plaintiffs'] position that the legal fee in dispute belongs to the Mills Law Firm, and given that the Mills Law Firm is not a party to this case, counsel should be prepared to address at argument how the [plaintiffs are] aggrieved by the decision of the trial court and why the [plaintiffs have] standing to seek relief on behalf of a nonparty."

On appeal, the plaintiffs raise a variety of claims.[5] Before considering the merits of those claims, we must address the threshold issue of standing. As our Supreme Court has consistently stated: "A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . Although not raised by any party to this appeal, the issue of jurisdiction may be examined by this court on its own motion." (Citations omitted.) *Kulmacz* v. *Kulmacz*, 177 Conn. 410, 412, 418 A.2d 76 (1979). "The right to appeal is purely statutory, and only an aggrieved party may appeal. . . . General Statutes § 52-263, which governs the subject matter jurisdiction of this court, provides in relevant part that if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . . A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary. . . .

"It is axiomatic that aggrievement is a basic requirement of standing, just as standing is a fundamental requirement of jurisdiction. . . . There are two general types of aggrievement, namely, classical and statutory; either type will establish standing, and each has its own unique features. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest. . . . Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; emphasis omitted; footnote omitted; internal quotation marks omitted.) *Trikona Advisers Ltd.* v. *Haida Investments Ltd.*, 318 Conn. 476, 485–86, 122 A.3d 242 (2015).

In the present case, the plaintiffs do not claim to be statutorily aggrieved. We, therefore, consider whether

they have been classically aggrieved by the judgment of the Superior Court. See id., 486. The plaintiffs do not dispute that they are obligated to pay attorney's fees. At oral argument before this court, the plaintiffs' counsel stated that the estate had expected to pay one third of the $200,000 underinsured motorist claim settlement in attorney's fees, i.e., the entirety of the disputed fees. He also confirmed that, in total, the estate is not paying any more in attorney's fees than it had originally contemplated.[6] Further, despite the fact that the Superior Court ordered Mills to return a portion of the disputed fees to the estate, at oral argument, the plaintiffs' attorney asserted that the estate is not entitled to any portion of the disputed fees. Rather, as they indicate in their brief, the plaintiffs take the position that "the legal fee[s] in dispute belong to [the] Mills Law Firm, not to the [e]state," even though they acknowledge that the "Mills Law Firm is not a party to this case."

While the plaintiffs also recognize that they are obligated to pay the entirety of the disputed fees, they nevertheless claim that they are aggrieved by the Superior Court's decision to allocate the disputed fees to the defendant instead of to the Mills Law Firm. As clients of the Mills Law Firm, and as fiduciaries of the funds, the plaintiffs argue that they have an interest in the allocation of the disputed fees, which gives them "a say in the underlying actions." The plaintiffs, however, fail to provide any legal authority, and we are aware of none, to support their proposition that administrators of an estate have a "specific, personal and legal interest"; (internal quotation marks omitted) *Trikona Advisers Ltd.* v. *Haida Investments Ltd.*, supra, 318 Conn. 485; in how a court allocates the distribution of attorney's fees when the estate claims no interest in any portion of those fees. Furthermore, besides the Superior Court awarding a portion of the disputed fees to a party not of the plaintiffs' choosing, the plaintiffs have not shown how they are "specifically and injuriously affected"; (internal quotation marks omitted) id.; by the Superior Court's allocation of the disputed fees. Moreover, the Superior Court's judgment, from which the plaintiffs appeal and claim to be aggrieved, orders that they retain a portion of the disputed fees, leaving them paying $40,000, instead of $66,666.67, in attorney's fees. On the basis of these facts and the plaintiffs' disavowal of any claim to any portion of the disputed fees, we conclude that the plaintiffs are not aggrieved by the judgment of the Superior Court, and, thus, the plaintiffs do not have standing to appeal from that judgment.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The coadministrators are Christopher Kusmit and Kelly Kusmit. We note that, although the summons lists the named plaintiff as the estate of Connor Kusmit, it is undisputed that the present action is maintained by the coadministrators. See *Estate of Brooks* v. *Commissioner of Revenue Services*, 325 Conn. 705, 706 n.1, 159 A.3d 1149 (2017), cert. denied,      U.S.     , 138 S. Ct. 1181, 200 L. Ed. 2d 314 (2018); see also *Estate of Rock* v. *University of*

*Connecticut*, 323 Conn. 26, 32, 144 A.3d 420 (2016) ("An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. . . . Not having a legal existence, it can neither sue nor be sued." [Internal quotation marks omitted.]). Accordingly, the caption has been changed to reflect that.

[2] The Probate Court for the district of East Haven-North Haven is a nonappearing party in this case and any reference to the defendant refers to Mahoney.

[3] We note that, although the plaintiffs represent in their brief that they entered into a one-third contingency fee agreement with Mills' law firm, the Mills Law Firm, LLC (Mills Law Firm), that agreement does not appear in the record before us.

[4] In a footnote, without explanation, the Superior Court stated that "Mills withdrew any claim he had for a contingency fee from the $200,000 [underinsured motorist claim] settlement . . . ."

[5] The plaintiffs claim that the trial court improperly (1) agreed "to hear an equitable claim by previously discharged counsel for additional legal fees beyond those provided by the terms of a written contingency fee agreement," (2) decided "a claim [for] attorney's fees belonging to a nonparty . . . and not belonging to the estate," (3) awarded "additional legal fees based upon claims in equity when counsel seeking the additional fees had been retained by the estate pursuant to a written contingency fee agreement," (4) heard "a claim for additional attorney's fees after [that] issue had already been previously adjudicated," (5) granted "standing to [the defendant] absent a motion to be added as a party," (6) failed "to dismiss [the defendant's] claims for lack of subject matter jurisdiction," (7) ruled "that [the defendant] was entitled to [two thirds] of the contingency fee belonging to Mills Law Firm," (8) disqualified "legal counsel retained by the estate on the basis [that] counsel would be an indispensable witness at the time of trial," and (9) ordered "a nonparty to refund part of an earned contingency fee when no refund was sought by the plaintiff[s] in any pleading."

[6] Additionally, when asked at oral argument if there is any possibility, regardless of how this case is decided, that the estate would have to pay more in legal fees than the disputed fees, the plaintiffs' attorney answered: "Not to my knowledge."

———————————————