******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WORLD BUSINESS LENDERS, LLC *v.* 526-528
NORTH MAIN STREET, LLC, ET AL.
(AC 42010)

Prescott, Moll and Eveleigh, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned
by the named defendant and to collect payment of the debt from the
defendant S, who had executed a continuing guarantee for payment and
performance obligations due under the note. Following the trial court's
granting of the plaintiff's motion to substitute W Co. as the plaintiff, the
court rendered judgment of strict foreclosure in favor of W Co., from
which S appealed to this court. *Held*:

1. S lacked standing to challenge the foreclosure judgment on appeal: as a
   guarantor, she was not a party to the mortgage or the note and she had
   neither a legal interest in the property securing the note nor an equitable
   or statutory right of redemption in the property and, thus, this court
   lacked subject matter jurisdiction to determine her appeal.

2. The trial court did not render final judgment with respect to the count
   of the complaint seeking to enforce the guarantee against S and, thus,
   the appeal was dismissed with regard to that count for lack of a final
   judgment.

Argued February 4—officially released May 5, 2020

*Procedural History*

Action to foreclose a mortgage on certain of the
named defendant's real property, and for other relief,
brought to the Superior Court in the judicial district of
New London, where the defendants were defaulted for
failure to plead; thereafter, the court, *Cosgrove, J.*,
granted the plaintiff's motion for a judgment of strict
foreclosure and rendered judgment thereon; subse-
quently, the court granted the plaintiff's motion to sub-
stitute WBL SPE II, LLC, as the plaintiff; thereafter, the
this court dismissed an appeal filed by the defendant
Elissa E. Speer; subsequently, the court, *Cosgrove, J.*,
granted the substitute plaintiff's motion to open the
judgment and to reset the law days and rendered judg-
ment thereon; thereafter, this court dismissed an appeal
filed by the defendant Elissa E. Speer; subsequently,
the court, *Cosgrove, J.*, granted the substitute plaintiff's
motion to open the judgment and to reset the law days
and rendered judgment of strict foreclosure, from
which the defendant Elissa E. Speer appealed to this
court. *Appeal dismissed.*

*Elissa E. Speer*, self-represented, the appellant
(defendant) filed a brief.

*Adam D. Lewis*, for the appellee (substitute plaintiff).

*Opinion*

EVELEIGH, J. The defendant Elissa E. Speer appeals from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, WBL SPE II, LLC (substitute plaintiff).[1] On appeal, Speer claims that the court improperly rendered the judgment of strict foreclosure because (1) the note and mortgage charged more than 120 percent interest and were unconscionable, (2) the amended complaint did not describe the property being foreclosed, and (3) the substitute plaintiff lacked standing as of the date of the amended complaint. For the reasons that follow, we dismiss the appeal.

We first set forth the following relevant facts and procedural history. The original plaintiff, World Business Lenders, LLC (World Business), commenced this action by way of a two count complaint against two defendants, 526-528 North Main Street, LLC (North Main, LLC), and Speer. The amended complaint alleged that JEM Contracting Co., LLC (JEM Contracting), had executed a note in the amount of $20,000 in favor of Bank of Lake Mills. As security for the note, North Main, LLC, executed a mortgage in favor of Bank of Lake Mills encumbering certain real property located at 526-528 North Main Street in Norwich. To further secure the obligations of JEM Contracting under the note, Speer executed a continuing guarantee in favor of Bank of Lake Mills. Thereafter, the note, mortgage, and guarantee were assigned to World Business, which, in turn, assigned them to the substitute plaintiff.

In count one of the amended complaint, the substitute plaintiff, as the holder of the mortgage and note, sought to foreclose the mortgage, and in count two, it sought to enforce the guarantee against Speer. Specifically, count two of the amended complaint alleged that "Speer . . . is liable to the substitute plaintiff for payment of the debt due under the note, pursuant to the guarant[ee]" and that "Speer has refused to pay the debt due to the substitute plaintiff."

After the defendants were defaulted for failure to plead, the court, on March 12, 2018, rendered a judgment of strict foreclosure. Speer filed an untimely appeal from that judgment, which was dismissed. Thereafter, the substitute plaintiff filed a motion to open the judgment to reset the law days, which the court granted, resetting the law days to commence on July 3, 2018. Speer filed a second appeal, which, again, was dismissed by this court. Following that dismissal, the substitute plaintiff again requested that the trial court render an updated judgment. On August 6, 2018, the court rendered an updated judgment of strict foreclosure with law days to commence on September 4, 2018.[2] Speer has timely appealed from the August 6, 2018 judgment.[3]

## I

Speer first claims that "[i]t was plain error for the trial court to order foreclosure on a note and mortgage charging over 120 [percent] interest and with an affidavit of debt asserting prepayment." In connection with that claim, she raises a number of claims relating to the note and mortgage, and to the foreclosure. Specifically, she claims that the note and mortgage are unconscionable and violate public policy, that the court improperly rendered the judgment of foreclosure on an amended complaint that does not describe the property being foreclosed, and that the substitute plaintiff had no standing as of the date of the amended complaint. Because these claims relate to the judgment of strict foreclosure rendered by the court with respect to count one, which sought to foreclose the mortgage executed by North Main, LLC, Speer, as a guarantor who was not a party to the note or mortgage, lacks standing to raise them on appeal. Therefore, the appeal as to count one is dismissed for lack of subject matter jurisdiction.

We begin our analysis by setting forth the standard of review and applicable legal principles. "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . [T]his court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . . . A court does not have subject matter jurisdiction to hear a matter unless the plaintiff has standing to bring the action." (Citation omitted; internal quotation marks omitted.) *Deutsche Bank National Trust Co*. v. *Thompson*, 163 Conn. App. 827, 831, 136 A.3d 1277 (2016). Because the issue of standing implicates a court's subject matter jurisdiction, it "presents a threshold issue for our determination." (Internal quotation marks omitted.) *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, 183 Conn. App. 128, 134, 192 A.3d 455 (2018), rev'd in part on other grounds, 334 Conn. 374, 222 A.3d 950 (2020); see also *U.S. Bank, National Assn.* v. *Fitzpatrick*, 190 Conn. App. 773, 783, 212 A.3d 732, cert. denied, 333 Conn. 916, 217 A.3d 1 (2019). "[I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 214, 982 A.2d 1053 (2009). A determination regarding standing concerns a question of law over which we exercise plenary review. See, e.g., *One Country, LLC* v. *Johnson*, 314 Conn. 288, 298, 101 A.3d 933 (2014); *In re Probate Appeal of Christopher Kusmit*, 188 Conn. App. 196, 200–201, 204 A.3d 776 (2019); *Deutsche Bank National Trust Co*. v. *Thompson*, supra, 832.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Standing . . . is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Citations omitted; internal quotation marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury. Similarly, standing exists to attempt to vindicate arguably protected interests. . . . Standing is established by showing that the party claiming it is authorized . . . to bring an action . . . ." (Internal quotation marks omitted.) *Handsome, Inc.* v. *Planning & Zoning Commission*, 317 Conn. 515, 525, 119 A.3d 541 (2015); see also *Dow & Condon, Inc.* v. *Brookfield Development Corp.*, 266 Conn. 572, 579, 833 A.2d 908 (2003) (in determining standing, "[i]t is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract" (internal quotation marks omitted)); *Ganim* v. *Smith & Wesson Corp.*, 258 Conn. 313, 347, 780 A.2d 98 (2001) ("for a plaintiff to have standing, it must be a proper party to request adjudication of the issues" (internal quotation marks omitted)).

In the present case, Speer is a guarantor of the note. "A guarantee, similar to a suretyship, is a contract, in which a party, sometimes referred to as a secondary obligor, contracts to fulfill an obligation upon the default of the principal obligor. . . . Our Supreme Court has recognized the general principle that a guarantee agreement is a separate and distinct obligation from that of the note or other obligation. . . . [A] guarantor's liability does not arise from the debt or other obligation secured by the mortgage; rather, it flows from the separate and distinct obligation incurred under the guarantee contract. . . . [The] guarantor [is not] liable for the debt secured by the mortgage; rather, the guarantor is liable for what he or she agreed to in the [guarantee]." (Citations omitted; internal quotation

marks omitted.) *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, supra, 183 Conn. App. 135; see also *JSA Financial Corp.* v. *Quality Kitchen Corp. of Delaware*, 113 Conn. App. 52, 57, 964 A.2d 584 (2009) ("[t]he contract of guarantee is no doubt an agreement separate and distinct from the contract between the lender and the borrower" (internal quotation marks omitted)). "[Guarantees] are . . . distinct and essentially different contracts; they are between different parties, they may be executed at different times and by separate instruments, and the nature of the promises and the liability of the promisors differ substantially . . . . The contract of the guarantor is his own separate undertaking in which the principal does not join." (Internal quotation marks omitted.) *1916 Post Road Associates, LLC* v. *Mrs. Green's of Fairfield, Inc.*, 191 Conn. App. 16, 23, 212 A.3d 744 (2019).

"When payment of a promissory note secured by a mortgage is further protected by a separate guarantee . . . the mortgagee may pursue a claim against the guarantors to recover any of the unpaid debt of the mortgagor. . . . A guarantee is a promise to answer for another's debt, default or failure to perform a contractual obligation. . . . As a contractual obligation separate from the contractual agreement between the lender and borrower, a guarantee imports the existence of two different obligations: the obligation of the borrower and the obligation of the guarantor. . . . [C]ourts generally have recognized that, in the absence of a statute expressly pertaining to guarantors, such secondary obligors are not proper parties to a claim seeking the foreclosure of a mortgage and their obligations are not limited by the extinguishment of the mortgagor's rights and obligations." (Citations omitted; internal quotation marks omitted.) *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, 312 Conn. 662, 675–77, 94 A.3d 622 (2014) (*Winthrop Properties, LLC*).

Our Supreme Court addressed the issue of whether guarantors can be parties to a foreclosure claim in *Winthrop Properties, LLC*. That case involved circumstances similar to the present case. The plaintiff bank had brought an action via a two count complaint, with the first count seeking a foreclosure of a mortgage and the second count seeking to enforce a guarantee of a promissory note executed with the mortgage. Id., 666. In concluding that the guarantors were not parties to the foreclosure claim,[4] the court stated: "A mortgagee cannot enforce a mortgage obligation in a foreclosure proceeding against a guarantor because a guarantor is not a party to such an obligation. In the present case, although the guarantors are parties to the guarantee, they are not parties to the mortgage or the note—both documents were signed on behalf of the defendant. The guarantors have no legal interest in the property securing the note and have no equitable or statutory right of redemption in the property. Accordingly, the

plaintiff could not properly make the guarantors parties to the foreclosure claim because it could not seek to extinguish the guarantors' right of redemption, which is the purpose of foreclosure, nor in the alternative seek to enforce the note against them. The plaintiff only could seek that relief from the defendant, who had pledged its property as security for the contract between it and the plaintiff. Although the guarantors have a general interest in the foreclosure due to their separate and distinct obligation under the guarantee to pay any remaining amount due on the underlying debt, that interest does not render them parties to the foreclosure. Therefore, the guarantors could not be parties to the foreclosure . . . ."[5] (Footnotes omitted; internal quotation marks omitted.) Id., 682–83.

It is well established that, "[a]s an intermediate appellate court, we are bound by Supreme Court precedent and are unable to modify it. . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *State* v. *Vasquez*, 194 Conn. App. 831, 839–40, 222 A.3d 1018 (2019), cert. denied, 334 Conn. 922, 223 A.3d 61 (2020). Accordingly, we are bound by our Supreme Court's determination in *Winthrop Properties, LLC*, supra, 312 Conn. 665, that guarantors cannot be parties to a foreclosure claim. It follows that, in the present case, Speer, as a guarantor, was not a party to the mortgage or the note, and has neither a legal interest in the property securing the note, nor an equitable or statutory right of redemption in the property. As such, the substitute plaintiff could not properly make Speer a party to the foreclosure claim or seek to enforce the note against Speer. Therefore, because Speer was not and could not be a party to the foreclosure claim, she has no standing to challenge the foreclosure judgment on appeal. See *State* v. *Salmon*, 250 Conn. 147, 153, 735 A.2d 333 (1999) (to establish subject matter jurisdiction for appellate review, appellant must be party and be aggrieved, and appeal must be taken from final judgment); *M.U.N. Capital, LLC* v. *National Hall Properties, LLC*, 163 Conn. App. 372, 376, 136 A.3d 665 (former defendant who was not party to underlying foreclosure judgment lacked standing to appeal from judgment of trial court dismissing its motion to open and vacate judgment of strict foreclosure), cert. denied, 321 Conn. 902, 136 A.3d 1272 (2016); see also Practice Book § 61-1 (only aggrieved party may appeal from final judgment). We therefore dismiss the appeal as to count one for lack of subject matter jurisdiction.

II

We must next examine whether the appeal is valid with respect to count two of the amended complaint. To the extent that the appeal relates to the plaintiff's

claim against Speer in count two pursuant to the guarantee, we conclude that no final judgment exists with respect to count two and, thus, dismiss the appeal as to that count as well.

We first set forth our standard of review. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary." (Internal quotation marks omitted.) *Hylton* v. *Gunter*, 313 Conn. 472, 478, 97 A.3d 970 (2014); see also *Heyward* v. *Judicial Dept.*, 159 Conn. App. 794, 799, 124 A.3d 920 (2015) ("[t]he lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court [and] [i]f there is no final judgment, we cannot reach the merits of the appeal" (internal quotation marks omitted)). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Internal quotation marks omitted.) *M.U.N. Capital, LLC* v. *National Hall Properties, LLC*, supra, 163 Conn. App. 374. "The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Internal quotation marks omitted.) *Krausman* v. *Liberty Mutual Ins. Co.*, 195 Conn. App. 682, 687, A.3d     (2020).

In the present case, the record does not reveal any judgment by the trial court with respect to count two of the amended complaint. Instead, it appears that the court rendered judgment only with respect to count one. At oral argument before this court, the attorney for the substitute plaintiff represented that the action with respect to count two is still pending before the trial court. Speer did not appear for oral argument before this court and, thus, has not contested that representation, nor did she address this issue in her appellate brief. Accordingly, because the court did not render a judgment with respect to the claim against Speer under the guarantee in count two and the matter concerning count two is still pending before the court, the appeal must be dismissed with respect to that count for lack of a final judgment.[6] See *Krausman* v. *Liberty Mutual Ins. Co.*, supra, 195 Conn. App. 687 ("[u]nless otherwise provided by law, the jurisdiction of our appellate courts is restricted to appeals from final judgments").

The appeal is dismissed.

In this opinion the other judges concurred.

[1] This action was originally brought by World Business Lenders, LLC,

which assigned the mortgage that is the subject of this action to WBL SPE II, LLC, by assignment dated June 16, 2017. Thereafter, on February 26, 2018, the court granted the motion filed by World Business Lenders, LLC, to substitute WBL SPE II, LLC, as the plaintiff in this matter.

[2] At oral argument before this court, counsel for the substitute plaintiff explained that, during the pendency of this appeal, the city of Norwich brought a tax lien foreclosure action concerning the subject property naming the substitute plaintiff and North Main, LLC, as defendants. See *Norwich* v. *526-528 North Main Street, LLC*, Superior Court, judicial district of New London, Docket No. CV-19-6039936-S. In that action, the court, *Calmar, J.*, rendered a judgment of strict foreclosure on August 12, 2019. Thereafter, on September 18, 2019, a satisfaction of judgment was filed certifying that the judgment was fully paid and satisfied by the substitute plaintiff on September 18, 2019, its assigned law day. Therefore, title passed to the substitute plaintiff after it redeemed on its law day in that foreclosure action. Because we are dismissing the appeal as to count one, the foreclosure count, for lack of subject matter jurisdiction on the ground that Speer, as the guarantor, lacks standing to challenge the foreclosure judgment, we need not address the issue of whether the appeal as to count one is moot because title to the subject property has passed to the substitute plaintiff. See *Citigroup Global Markets Realty Corp.* v. *Christiansen*, 163 Conn. App. 635, 640, 137 A.3d 76 (2016) (because title to property had vested in plaintiff mortgagee after defendant failed to exercise right of redemption on law day, appeal was moot, as there was no longer any practical relief that could be afforded to defendant from denial of third motion to open judgment); see also *Carraway* v. *Commissioner of Correction*, 317 Conn. 594, 602 n.10, 119 A.3d 1153 (2015) ("We recognize that the mootness doctrine is implicated in this appeal and likely provides an independent basis for our subject matter jurisdiction determination. Because we decide the case on the basis of aggrievement, however, we need not reach the mootness issue."); *Hunt* v. *Guimond*, 69 Conn. App. 711, 716–17, 796 A.2d 588 (2002) (in light of conclusion that defendant was not aggrieved and this court lacked subject matter jurisdiction to hear appeal, there was no need to address claim regarding mootness).

[3] North Main, LLC, did not appeal from the judgment of strict foreclosure.

[4] On June 3, 2014, this court issued its decision in *Federal National Mortgage Assn.* v. *Bridgeport Portfolio, LLC*, 150 Conn. App. 610, 92 A.3d 966, cert. denied, 312 Conn. 926, 95 A.3d 523 (2014) (*Bridgeport Portfolio, LLC*). In that case, similar to the present case, the revised amended complaint sought a judgment of strict foreclosure in count one and a money judgment against the defendant guarantor in count two. Id., 612–13. On appeal, the plaintiff claimed that the defendant guarantor was not aggrieved by the judgment of strict foreclosure because no judgment had been rendered against the guarantor individually with respect to the second count of the complaint. Id., 617. This court determined that the guarantor had a real interest in the judgment of strict foreclosure given the trial court's determination that both default interest and a prepayment premium were to be included as part of the outstanding debt, and given the plaintiff's position that the guarantor would be conclusively bound by the trial court's determination of the mortgage debt. Id., 618. On July 29, 2014, our Supreme Court issued its decision in *Winthrop Properties, LLC*, supra, 312 Conn. 662. In that case, in contrast, our Supreme Court held that "[a]lthough . . . guarantors have a general interest in the foreclosure due to their separate and distinct obligation under the guarantee to pay any remaining amount due on the underlying debt, that interest does not render them parties to the foreclosure." (Footnote omitted.) Id., 683. In reaching that determination, the court did not reference this court's decision in *Bridgeport Portfolio, LLC*, supra, 610, decided just the previous month. Nevertheless, it appears that *Bridgeport Portfolio, LLC*, effectively has been overruled sub silentio by *Winthrop Properties, LLC*, to the extent that it holds that a guarantor has a sufficient interest to have standing to challenge a foreclosure judgment.

[5] Our Supreme Court further noted that "it is immaterial that, in the present case, the plaintiff advanced claims to foreclose the mortgage and to enforce the guarantee in a single proceeding. It is important to recognize the distinction between a claim and a cause of action, terms that oftentimes are confused and even used interchangeably. . . . [A] plaintiff's cause of action constitutes a single group of facts which are claimed to have brought about an unlawful injury to the plaintiff for which one or more of the defendants are liable, without regard to the character of the legal rights of the plaintiff which have been violated. . . . In order for the facts to constitute a single

group, the liability of each defendant must, in some aspect of the proof permissible under the allegations of the complaint, relate to and depend upon a single primary breach of duty. . . . Therefore, when a plaintiff asserts multiple claims, which are legal theories that arise out of and depend upon the group of facts that brought about a single primary breach of duty, there is but one cause of action. . . . Despite there being one cause of action, the plaintiff can maintain separate claims against individual defendants, who need not be jointly liable for each claim." (Citations omitted; emphasis omitted; footnote omitted; internal quotation marks omitted.) *Winthrop Properties, LLC*, supra, 312 Conn. 684–85.

[6] We note that, as a result of our decision today and as acknowledged by counsel for the substitute plaintiff at oral argument before this court, Speer will be free to pursue her claims raised in this appeal during any proceedings before the trial court regarding count two.

_____