******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

CAPITAL FOR CHANGE, INC. *v.*
WALL STREET ASSOCIATES,
LLC, ET AL.
(AC 47420)

Alvord, Cradle and DiPentima, Js.*

*Syllabus*

The defendants, W Co. and D, appealed from the trial court's judgment of strict foreclosure rendered for the plaintiff. The defendants claimed, inter alia, that the court improperly rendered summary judgment as to liability only because the court improperly concluded as a matter of law that the defendants could not prevail with respect to their special defense alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (§ 42-110a et seq.).

This court concluded that D, as a guarantor who was not a party to the notes, amended notes, mortgages, or mortgage modification agreement, lacked standing to challenge the trial court's judgment of strict foreclosure, and, accordingly, this court dismissed the appeal from the judgment of strict foreclosure as to D.

The trial court properly determined that a CUTPA violation may not be asserted as a special defense in a foreclosure action and did not preclude the rendering of summary judgment in the plaintiff's favor.

This court declined to review W Co.'s claim that the trial court should have construed its special defense alleging a CUTPA violation as alleging unclean hands, as W Co. failed to plead or raise a claim of unclean hands at any time before the trial court and, thus, the claim was not properly before this court.

Argued November 19, 2024—officially released May 20, 2025

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. Charles T. Lee*, judge trial referee, granted the plaintiff's motion for summary judgment as to liability only; thereafter, the court, *Hon. Robert L. Genuario*, judge trial referee,

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

rendered a judgment of strict foreclosure, from which the defendants appealed to this court. *Appeal dismissed in part*; *affirmed*.

*Igor G. Kuperman*, for the appellants (defendants).

*Philip G. Kent*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. In this commercial foreclosure action, the defendants, Wall Street Associates, LLC (Wall Street Associates), and Ganga Duleep,[1] appeal following the trial court's judgment of strict foreclosure rendered in favor of the plaintiff, Capital for Change, Inc.[2] On appeal, the defendants claim that the court improperly rendered summary judgment as to liability only in favor of the plaintiff because the court (1) improperly concluded as a matter of law that the defendants could not prevail with respect to their special defense alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and (2) failed to construe their special defense alleging a CUTPA violation as alleging unclean hands. We dismiss the appeal as to Duleep and affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. From March 24, 2017, through August 27, 2019, the plaintiff provided financing to Wall Street Associates to rehabilitate and to reconstruct commercial properties owned by Wall Street Associates (project). This financing was secured by mortgages on the project property, as well as another property owned by Wall Street Associates (additional property). Wall Street Associates defaulted on its payments. The plaintiff accelerated the notes and made

---

[1] We refer to Wall Street Associates and Duleep collectively as the defendants, and we refer to them individually by name where appropriate.

[2] The plaintiff, a nonprofit corporation, is a community development financial institution.

demand for payment on August 30, 2021, from Wall Street Associates, as a borrower and mortgagor, and Duleep, as a guarantor.

In March, 2022, the plaintiff commenced this foreclosure action against the defendants. The plaintiff sought to foreclose the mortgages on the project property and the additional property under the loan documents and to enforce the guarantees given by Duleep. On March 1, 2023, the defendants filed an amended answer and three special defenses, alleging (1) lack of proper notice and specificity as to the 2019 loan documents, (2) failure to plead the remedy of strict foreclosure in any of the complaint's counts, and (3) violation of CUTPA. The plaintiff filed its reply on March 13, 2023.

The plaintiff subsequently filed a motion for summary judgment. In its memorandum of law in support of the motion, the plaintiff argued that the defendants were liable as a matter of law because there was no genuine issue of material fact as to the making, validity, and enforcement of the loan documents. Furthermore, the plaintiff asserted that summary judgment was proper because the defendants' special defenses lacked merit. The defendants then filed their opposition to the motion for summary judgment and an accompanying memorandum of law.

On October 27, 2023, the court, *Hon. Charles T. Lee,* judge trial referee, issued a memorandum of decision wherein it rendered summary judgment as to liability only in favor of the plaintiff. The court found that the plaintiff had established a prima facie case for its foreclosure action and rejected the defendants' three special defenses. With respect to the CUTPA special defense, the court concluded that "controlling authority plainly holds that CUTPA may not be asserted as a special defense in a foreclosure action." On January 31, 2024, the plaintiff filed a motion for judgment of strict

foreclosure, which the court, *Hon. Robert L. Genuario,* judge trial referee, granted on February 28, 2024. The court rendered a judgment of strict foreclosure with the law days commencing on March 26, 2024. This appeal followed.

I

We first address a threshold jurisdictional question. Following oral argument, this court sua sponte asked the parties to provide supplemental memoranda addressing whether the appeal should be dismissed only as to Duleep because a guarantor lacks standing to appeal from the judgment of strict foreclosure; see *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC,* 312 Conn. 662, 682–83, 94 A.3d 622 (2014); *Benchmark Municipal Tax Services, Ltd.* v. *899 ETG Associates, LLC,* 227 Conn. App. 474, 480–81, 322 A.3d 1118 (2024); *World Business Lenders, LLC* v. *526-528 North Main Street, LLC,* 197 Conn. App. 269, 272–79, 231 A.3d 386 (2020); and because it appears that at least two counts of the complaint remain pending to the extent the plaintiff seeks to enforce personal guarantees against Duleep. See *World Business Lenders, LLC* v. *526-528 North Main Street, LLC,* supra, 279–80; see also *Deutsche Bank National Trust Co.* v. *Thompson,* 163 Conn. App. 827, 831, 136 A.3d 1277 (2016) ("the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised . . . by the court sua sponte, at any time" (internal quotation marks omitted)). Having received the parties' briefing on these issues, we conclude that the appeal must be dismissed as to Duleep. We examine each issue in turn.

"[I]n *World Business Lenders, LLC,* this court observed that the guarantor in that case was not a party to the mortgage or the note and had neither a legal interest in the property securing the note, nor an equitable or statutory right of redemption in the property.

. . . As such, this court held that, [b]ecause [the guarantor] was not and could not be a party to the foreclosure claim, she [had] no standing to challenge the foreclosure judgment on appeal." (Citation omitted; internal quotation marks omitted.) *Benchmark Municipal Tax Services, Ltd.* v. *899 ETG Associates, LLC*, supra, 227 Conn. App. 480–81; id., 481 (determining guarantor defendants did not have standing as they were not party to note, mortgage, or modification agreement). In addition, this court determined that there was no judgment rendered as to the count relating to the claims against the guarantor.[3] *World Business Lenders, LLC* v. *526-528 North Main Street, LLC*, supra, 197 Conn. App. 279–80. Specifically, the appeal was dismissed "because the court did not render a judgment with respect to the claim against [the guarantor defendant] under the guarantee in [that count] and the matter concerning [that count was] still pending before the court . . . ." Id., 280.

In the present case, it is undisputed that Duleep is not a party to the notes, amended notes, mortgages, or mortgage modification agreement.[4] Duleep concedes in her supplemental memorandum that, "to the extent that she was named as a guarantor in the proceedings below, she does not have standing to challenge the trial court's judgment of strict foreclosure on counts one, three and four of the plaintiff's complaint." In accordance with this court's precedents, we conclude that Duleep lacks standing to challenge the trial court's judgment of strict foreclosure and, thus, we dismiss Duleep's appeal from

---

[3] That count "alleged that '[the guarantor defendant] is liable to the . . . plaintiff for payment of the debt due under the note, pursuant to the guarant[ee]' and that '[the guarantor defendant] has refused to pay the debt due to the . . . plaintiff.' " *World Business Lenders, LLC* v. *526-528 North Main Street, LLC*, supra, 197 Conn. App. 271.

[4] Although Duleep signed all of these documents, she did so on behalf of Wall Street Associates.

the judgment of strict foreclosure against Wall Street Associates.

In addition, as to the plaintiff's claim against Duleep, the record does not reveal any judgment rendered by the trial court with respect to the second and fifth counts of the complaint.[5] Because the court did not render a judgment with respect to the claim against Duleep under the guarantee in the second and fifth counts and the matter concerning both counts is still pending before the court, the appeal must be dismissed as to those counts for lack of a final judgment. Accordingly, we dismiss the appeal as to Duleep.

## II

Having resolved the threshold jurisdictional question, we turn to the merits of Wall Street Associates' claims on appeal. Wall Street Associates first claims that the court erred in concluding that its CUTPA special defense was not legally viable. We disagree.

We begin by setting forth our standard of review and other relevant legal principles. "Appellate review of the trial court's decision to grant summary judgment is plenary. . . . [W]e must [therefore] decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the

---

[5] The second count alleged that "[t]he note and the amended note as well as all future loans, advances, liabilities, indebtedness, charges and expenses chargeable against [Wall Street Associates] are unconditionally, jointly and severally guaranteed by Ganga Duleep" and that "[t]he plaintiff has been damaged as a result of [Duleep's] failure to pay sums due under the first guaranty." The fifth count alleged that "[t]he construction loan agreement, construction note, amended construction note, as well as all future loans, advances, liabilities, indebtedness, charges and expenses chargeable against [Wall Street Associates], including but not limited to the pledge, bridge note, amended bridge note, loan agreement and modification, and bridge loan modification agreement, are unconditionally, jointly, and severally guaranteed by Ganga Duleep" and that "[t]he plaintiff has been damaged as a result of [Duleep's] failure to pay sums due under the second guaranty."

record." (Internal quotation marks omitted.) *Bayview Loan Servicing, LLC* v. *Park City Sports, LLC*, 180 Conn. App. 765, 774, 184 A.3d 1277, cert. denied, 330 Conn. 901, 192 A.3d 426 (2018).

This court has stated: "[A] special defense operates as a shield, to defeat a cause of action, and not as a sword, to seek a judicial remedy for a wrong. Against this backdrop, we readily conclude that a CUTPA violation may not be asserted as a special defense. In reaching this conclusion, we are mindful that, by its express terms, CUTPA provides a cause of action for its violation, but it does not expressly provide a defense by invalidating, or otherwise rendering unenforceable, agreements that are the product of unfair trade practices." *Bank of America, N.A.* v. *Aubut*, 167 Conn. App. 347, 374, 143 A.3d 638 (2016); see also *Bayview Loan Servicing, LLC* v. *Park City Sports, LLC*, supra, 180 Conn. App. 779 n.5 ("[t]his court [in *Bank of America, N.A.* v. *Aubut*, supra, 374] held that a CUTPA violation may not be asserted as a special defense in a foreclosure action").

Wall Street Associates first argues that this court should reconsider its holding in *Aubut*. Wall Street Associates did not, however, file a motion requesting that this court hear its appeal en banc. "[I]t is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding. . . . As we often have stated, this court's policy dictates that one panel should not, on its own, [overrule] the ruling of a previous panel. The [overruling] may be accomplished only if the appeal is heard en banc." (Internal quotation marks omitted.) *Bank of New York Mellon* v. *Mangiafico*, 198 Conn. App. 722, 729, 234 A.3d 1115 (2020). Accordingly, we decline the invitation to revisit our precedent.

Wall Street Associates also contends that, under the reasoning of *Connecticut National Bank* v. *Voog*, 233

Conn. 352, 659 A.2d 172 (1995), CUTPA can be asserted as a special defense in this foreclosure action. In *Voog*, the plaintiff sought to recover the balance due on two promissory notes executed by the defendant. Id., 353–54. The defendant filed "his amended answer, in which he set forth a general denial, four special defenses and a three count counterclaim. [The defendant] claimed in his special defenses that: (1) [the plaintiff] had conspired with employees of [a limited partnership] to offer financing in order to sell investments in a partnership that it knew to be valueless; (2) the notes that are the subject of the complaint were given without consideration; (3) [the plaintiff] violated . . . CUTPA; and (4) [the plaintiff] is equitably estopped from enforcing the notes that are the subject of this action. On the basis of the conduct alleged in his first special defense, [the defendant] claimed that he had suffered damages as a result of [the plaintiff's] fraudulent misrepresentations, and that [the plaintiff's] activities constituted a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and CUTPA.

"[The plaintiff] objected to the amendment, primarily on the grounds that the allegations were prejudicial and would unnecessarily delay the proceedings. . . . [T]he trial court, *Austin*, *J.*, sustained [the plaintiff's] objections, not on the grounds [the plaintiff] had asserted, but on the basis that '[t]he issues attempted to be raised by [the defendant] may be raised in a separate cause of action, unrelated to this case, as they are not proper in this cause of action.' . . . [The defendant] filed a motion to stay the case pending a decision by the court regarding his request to transfer the case into [a] related litigation program. The court denied both requests." (Footnotes omitted.) Id., 356–59.

The court later rendered judgment in favor of the plaintiff. Id., 362. The defendant appealed, raising four

issues, including that the trial court abused its discretion "in sustaining [the plaintiff's] objection to his request for leave to amend." Id., 363. The Supreme Court concluded that "the special defenses and the counterclaim were material to the [defendant's] defense of [the plaintiff's] action on the note." Id., 369. In concluding that the trial court's denial of the defendant's request to amend his pleadings "was not premised on 'sound reason,' " the Supreme Court reversed the judgment and remanded the case. Id.

Contrary to Wall Street Associates' contentions, *Voog* is factually and procedurally distinguishable from the case before us. At the outset, *Voog* was not a foreclosure case. Rather, *Voog* was a collection action that arose from a debtor's execution of two promissory notes in favor of a bank. Id., 353–54. Furthermore, in response to the action commenced by the bank, the defendant in *Voog* asserted *both* a special defense based on CUTPA and a CUTPA counterclaim; id., 356–57; whereas Wall Street Associates solely asserted a special defense alleging a violation of CUTPA. As a result of the defendant's decision to assert a CUTPA counterclaim parallel to his special defense, the procedural posture of the case was different from the present case. In addition, the Supreme Court in *Voog* did not address whether CUTPA was a valid special defense, instead it addressed whether, inter alia, the trial court properly denied the defendant's request for leave to amend his pleadings. Id., 365–70.

Because *Voog* significantly differs both factually and procedurally from the present case, it is not controlling. Accordingly, the court properly concluded, under *Aubut*, that the alleged CUTPA violation was not a valid special defense and did not preclude the rendering of summary judgment in the plaintiff's favor. See *Bank of America, N.A.* v. *Aubut*, supra, 167 Conn. App. 374.

### III

Wall Street Associates also claims that, in rendering summary judgment on its CUTPA defense; see part II of this opinion; the court erred by not construing the defense as one alleging unclean hands. Specifically, Wall Street Associates concedes that its "allegations were styled as a CUTPA violation," but nonetheless argues that the "trial court should have recognized [the defense of unclean hands] on the face of the pleadings . . . ." Because we conclude that Wall Street Associates' claim is unpreserved, we decline to review it.

"It is well known that this court is not bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. Practice Book § 60-5. The requirement that [a] claim be raised distinctly means that it must be so stated as to bring to the attention of the court the precise matter on which its decision is being asked. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court . . . to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Emphasis omitted.) *United Cleaning & Restoration, LLC* v. *Bank of America, N.A.*, 225 Conn. App. 702, 714–15, 317 A.3d 2 (2024).

Our examination of the record reveals that this appeal is the first time Wall Street Associates has raised the claim that the plaintiff's conduct was not "fair, equitable and honest as to the particular controversy in issue"; *M&T Bank* v. *Lewis*, 349 Conn. 9, 32, 312 A.3d 1040 (2024); Wall Street Associates failed to plead or raise unclean hands at any time before the trial court. Wall Street Associates' claim, therefore, is not properly before this court, and we decline to review it.

The appeal is dismissed with respect to Ganga Duleep; the judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.