## IN RE JESSICA M.*
## (SC 16013)

Callahan, C. J., and Borden, Berdon, Norcott, Katz, Palmer and McDonald, Js.**

Argued May 25—officially released September 28, 1999

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

** The listing of justices reflects their seniority status on this court as of the date of oral argument.

*Eliot D. Prescott*, assistant attorney general, for the petitioner.

*Linda Pearce Prestley*, child advocate for the amicus curiae (office of the child advocate).

*Martha Stone*, for the amicus curiae (Center for Children's Advocacy).

*Opinion*

PER CURIAM. This particular certified appeal[1] arises from a petition by the commissioner of children and families for, inter alia, termination of the respondents' parental rights in their minor child, Jessica M. The trial court dismissed that petition, and the Appellate Court affirmed the trial court's judgment.

The commissioner filed a subsequent petition for termination, which the trial court granted, terminating the parental rights of the respondent mother, Julie M., to Jessica M. Julie M. has not appealed that termination.

---

[1] We granted the petition of the commissioner of children and families for certification to appeal from the judgment of the Appellate Court; *In re Jessica M.*, 49 Conn. App. 229, 714 A.2d 64 (1998); limited to the following issue: "Did the Appellate Court properly affirm the trial court's judgment that the respondents' parental rights could not be terminated on the grounds of: (1) failure to rehabilitate; or (2) acts of parental commission or omission?" *In re Jessica M.*, 247 Conn. 915, 722 A.2d 806 (1998).

Prior to the trial of the second petition for termination, the respondent father, Mark M., voluntarily relinquished his parental rights to Jessica M.

The commissioner has moved to vacate the judgments of the Appellate Court and the trial court in the present case on the grounds that this appeal is now moot and the issues decided by those courts have not been subject to review by the Supreme Court. After examining the record and considering the briefs and oral arguments of the parties, we have determined that this appeal, through no fault of the parties, has been rendered moot and should be dismissed. See *Conetta* v. *Stamford*, 246 Conn. 281, 295, 715 A.2d 756 (1998) (when events occur that preclude appellate court from granting practical relief through disposition of merits, case is moot); *Blesso Fire Systems, Inc.* v. *Eastern Connecticut State University*, 245 Conn. 252, 256, 713 A.2d 1283 (1998) (same). We further have determined that the judgments of the Appellate Court and the trial court in this matter should be vacated. See *U.S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership*, 513 U.S. 18, 22, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994) (when appeal rendered moot through no fault of parties, established federal practice is for appellate court to grant motion for vacatur of judgment under appellate review); *United States* v. *Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S. Ct. 104, 95 L. Ed. 36 (1950) (same); compare *U.S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership*, supra, 29 (mootness by reason of settlement does not require appellate court vacatur of judgment under appellate review); see also *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 269, 659 A.2d 148 (1995) (citing aforementioned cases with approval).

The appeal is dismissed and the judgments of the Appellate Court and the trial court are vacated.

MCDONALD, J., with whom BERDON, J., joins, dissenting. I disagree with the majority's conclusion that the motion of the commissioner of children and families (commissioner) to vacate the judgments of the Appellate Court and Superior Court should be granted. The majority grants the motion on the basis that vacatur is automatic when an appeal becomes moot through no fault of the parties. I believe, however, that there remains a question whether the commissioner's voluntary actions caused the mootness, and that the application of a balancing test is necessary to determine whether vacatur is appropriate in light of public policy interests. Accordingly, I dissent.

The majority's decision to grant the commissioner's motion to vacate relies on federal cases that discuss automatic vacatur when an appeal becomes moot through no fault of the parties. The majority relies on the dictum of the United States Supreme Court in *United States* v. *Munsingwear, Inc.*, 340 U.S. 36, 71 S. Ct. 104, 95 L. Ed. 2d 36 (1950) (*Munsingwear*), that "[t]he established practice of the [United States Supreme] Court in dealing with a civil case from a court in the federal system which has become moot while on its way [up to the Supreme Court] or pending [a] decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." Id., 39. *Munsingwear*'s holding, however, was that vacatur was *not* available because the government, as the party seeking vacatur, had "slept on its rights"; id., 41; by failing to appeal the unfavorable decision. See generally id., 39–41.

In later discussing *Munsingwear*, the United States Supreme Court observed that "the decision . . . at most . . . [stands for] the proposition that vacatur should have been sought, not that it necessarily would have been granted." *U. S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership*, 513 U.S. 18, 23, 115 S. Ct.

386, 130 L. Ed. 2d 233 (1994) (*Bancorp*). In *Bancorp*, the court observed that vacatur is not always automatic and noted that the language in *Munsingwear* calling automatic vacatur the "established practice" was dictum. See id. In *Bancorp*, the court stated that, in *Munsingwear*, it had acknowledged that the " 'established practice' . . . was not entirely uniform"; id.; and that "post-*Munsingwear* practice [has not] been [unfailingly] uniform."[1] Id., 24.

In *Bancorp*, the United States Supreme Court considered whether vacatur was available when the mootness resulted from a party's voluntary actions. The court observed that the remedy of vacatur is not justified in cases in which the moving party causes mootness through its own voluntary actions—in *Bancorp*, by settlement—save under "exceptional circumstances." Id. When "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, [he has surrendered] his claim to the equitable remedy of vacatur." Id., 25. Vacatur, the court explained, is equitable relief, and the party seeking vacatur must demonstrate "equitable entitlement to the extraordinary remedy of vacatur." Id., 26. The court in *Bancorp* stated: "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." (Internal quotation marks omitted.) Id.; accord *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 272–73, 659 A.2d 148 (1995).

In *DeMilo & Co.*, this court held that when a party's appeal from an unfavorable judgment is dismissed as

---

[1] In fact, the *Munsingwear* language "does not appear to have gained adherence in the courts of the states . . . ." Restatement (Second), Judgments § 28, reporter's note (1982).

moot, vacatur is not automatic, and courts should adopt a balancing approach in considering vacatur. See *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, supra, 233 Conn. 272–73. I believe that Appellate Court decisions are valuable and that proper procedures to review such opinions should be followed. There should be no "end runs."

Before applying any balancing approach to this case and deciding whether the commissioner has met her burden of proving that vacatur is equitable, this court first should consider the commissioner's claim that she did not voluntarily cause the appeal in this case to become moot. At present, it is unclear from a review of the record before us whether the commissioner voluntarily caused the mootness of her appeal in this case. During the trial, Jessica M. was living with a foster family. While the trial court denied the commissioner's petition to terminate parental rights, it also found Jessica M. to be neglected and ordered her committed to the commissioner's care for one year. The commissioner appealed based on the trial court's failure to terminate parental rights. During the pendency of this appeal, the commissioner filed a subsequent petition to terminate parental rights. Whether the commissioner was required at that time by statute to file the second petition is not clear from a review of the record. It does not appear that Jessica M. was again in the custody of her parents or that other circumstances called for the commissioner to file the second petition immediately. Whether the second petition constitutes a voluntary action by the commissioner forfeiting her initial appeal is an issue that I believe this court should address before deciding to grant vacatur.

Accordingly, I dissent from the decision of the majority to vacate the judgments of the Appellate Court and Superior Court.