# IN RE ALEX M.*
## (AC 19901)

Foti, Landau, Schaller, Zarella and Pellegrino, Js.

Considered May 10—officially released August 15, 2000

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Stephen G. Vitelli,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, in support of the motion.

*Opinion*

PELLEGRINO, J. This is a termination of parental rights case in which the commissioner of children and families (commissioner), relying on *In re Jessica M.,* 250 Conn. 747, 738 A.2d 1087 (1999), has moved to vacate the trial court's refusal to consider the merits of the commissioner's motion to extend commitment. We deny the motion to vacate and dismiss the commissioner's appeal as moot.

On August 4, 1998, the minor child, Alex M., was adjudicated neglected and was committed to the custody of the commissioner for a period not to exceed one year.[1] The original commitment indicated that a request for an extension of the child's commitment was to be filed within nine months of the adjudication, that is, by May 4, 1999. The commissioner, however, did not file her motion for extension until July 20, 1999.

On August 3, 1999, the day before the commitment was to expire, the trial court held a hearing to consider the commissioner's motion for extension. The court found, however, that it could not schedule a contested hearing on the matter prior to the expiration of the commitment on August 4, 1999. Specifically, the trial court stated that "there wasn't sufficient notice to the court to provide for a hearing before this date. It's one day before the commitment expires. I'm the sole judge here. This is a short calendar day. It's ten of three in the afternoon. There's no possible way that a hearing can be conducted before the expiration of this commitment." The court, therefore, declined to hear arguments

---

[1] On that same date, a judgment of default entered against the respondent father for his failure to appear.

on the merits of the motion for extension of commitment.

On August 4, 1999, the court signed an ex parte order of temporary custody, and the child remained in his foster home. Further hearings were held on the order of temporary custody in Middletown at the Child Protection Session on August 19 and 20, 1999. On August 20, 1999, the court vacated the order of temporary custody subject to the mother's compliance with specific steps.

The commissioner filed a timely appeal from the trial court's August 3, 1999 refusal to consider the merits of the motion to extend the commitment.[2] Counsel for the minor child also filed a timely appeal, challenging both the court's August 3, 1999 refusal and its August 20, 1999 decision vacating the order of temporary custody. Subsequent to the filing of these appeals, the court terminated the parental rights of both parents,[3] and this court dismissed as untimely the respondent mother's appeal from the termination order.

In light of the termination order, the appeals filed both by the commissioner and by counsel for the minor child were placed on this court's own motion calendar for dismissal as moot. At the hearing in this court, the commissioner conceded that the appeals were moot, as the respondent mother had neither filed with this court a motion to reconsider, nor petitioned for certification to appeal to the Supreme Court. The commissioner orally requested, however, that before dismissing the appeals as moot, this court first vacate the trial court's refusal to consider the merits of the commissioner's motion to extend the commitment. This court marked the matter over to give the commissioner an

---

[2] We need not reach the question of whether the appeal was taken from a final judgment because of our conclusion that the appeal is moot.

[3] The commissioner filed a petition for termination of parental rights on April 20, 1999.

opportunity to file a written motion to vacate. There-after, the commissioner filed a motion to vacate, to which no objection was filed.

The commissioner relies on *In re Jessica M.*, supra, 250 Conn. 747, in support of her motion. In that case, the commissioner appealed from the trial court's dismissal of a petition for termination of parental rights, which order was affirmed by this court. Our Supreme Court granted certification, limited to the issue of whether this court properly affirmed the trial court's judgment that the respondents' parental rights could not be terminated on the grounds of (1) failure to achieve personal rehabilitation or (2) acts of parental commission or omission that denied the child necessary care, guidance or control. While the appeal was pending in the Supreme Court, the commissioner filed a second petition for termination, which the trial court granted. The respondent mother did not appeal from the termination order, and the respondent father voluntarily relinquished his parental rights prior to the trial on the second petition. The commissioner, therefore, moved to vacate the judgments of the Appellate Court and the trial court with respect to the first petition, claiming that the appeal had become moot and "the issues decided by those courts [were not] subject to review by the Supreme Court." Id., 749. The Supreme Court granted the motion to vacate. Id.

Here, the commissioner seeks to vacate the trial court's refusal to consider the merits of the commissioner's motion to extend the commitment. According to the commissioner, the court refused to consider the merits of the motion because it found that the commissioner failed, under General Statutes § 46b-129 (k) (1),[4]

---

[4] General Statutes § 46b-129 (k) (1) provides that "[t]en months after the adjudication of neglect of the child or youth or twelve months after the vesting of temporary care and custody . . . whichever is earlier, the commissioner shall file a motion for review of a permanency plan and to extend or revoke the commitment. . . ."

to file the motion more than sixty days before the commitment period expired. The commissioner, however, has misinterpreted the court's refusal to consider the merits of the motion. When considering the timeliness of the motion for extension, the court indicated that by filing the motion to extend on July 20, 1999, when the commitment was due to expire on August 4, 1999, and allowing the matter to be calendared for August 3, 1999, the commissioner did not give the court enough time to consider the extension and to hear evidence from all parties. The court therefore found, as a practical matter, that it could not properly and fairly consider the motion. It did not find, as the commissioner suggests, that it was prevented from hearing the motion under § 46b-129 (k) (1) because the commissioner's motion was untimely under that section. Nevertheless, the commissioner seeks to vacate the court's refusal to consider the merits of the motion to extend the commitment.

Vacatur is "commonly utilized . . . to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *United States* v. *Munsingwear, Inc.*, 340 U.S. 36, 41, 71 S. Ct. 104, 95 L. Ed. 36 (1950). Unlike *In re Jessica M.*, in which both the trial court and this court issued an opinion on the merits of the case, finding that the respondents' parental rights could not be terminated on the grounds of (1) failure to achieve personal rehabilitation or (2) acts of parental commission or omission that denied the child necessary care, guidance or control, the present case does not involve an appeal from a judgment that is likely to spawn legal consequences. Rather, the appeal here concerns the trial court's declining to hear arguments on the commissioner's motion for extension of commitment.[5] The trial court, therefore, has not

[5] A decision with such limited precedential value would be unlikely to spawn any legal consequences.

addressed the merits of the commissioner's motion. Accordingly, if we were to vacate the trial court's refusal to act on the commissioner's motion to extend commitment, the trial court would then be put in the position of having to rule on the merits of the commissioner's motion for extension. Any decision rendered by the trial court on the commissioner's motion, however, would have no practical impact on the parties, as the parental rights in this case already have been terminated.

The commissioner's motion to vacate is denied and the commissioner's appeal is dismissed as moot.

In this opinion the other judges concurred.