# IN RE CANDACE H.*
## (SC 16555)

Sullivan, C. J., and Norcott, Katz, Vertefeuille and Zarella, Js.

Argued November 27, 2001—officially released February 26, 2002

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

*John E. Tucker*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman* and *Benjamin Zivyon*, assistant attorneys general, for the appellant (petitioner).

*Carolyn C. Mihalek*, for the appellee (respondent mother).

*Sharon Wicks Dornfeld*, for the appellees (intervening foster parents).

*Opinion*

SULLIVAN, C. J. This certified appeal[1] arises from a petition by the department of children and families (department) for, inter alia, a determination of neglect as to the minor child, Candace H. (child). By agreement of the parties, the child was adjudicated neglected and was committed to the temporary custody of the department. On December 3, 1999, the department filed a motion with the trial court pursuant to General Statutes

---

[1] We granted the petition of the department of children and families for certification to appeal from the judgment of the Appellate Court; *In re Candace H.*, 63 Conn. App. 493, 776 A.2d 1180 (2001); limited to the following issue: "Did the Appellate Court properly conclude that the trial court impermissibly delegated to the department of children and families the responsibility of determining, in the future, whether visitation by the respondent mother is in the best interests of the child?" *In re Candace H.*, 257 Conn. 907, 777 A.2d 686 (2001).

(Rev. to 1999) § 46b-129 (k) (1)[2] for review and approval of a permanency plan with respect to the child. On February 3, 2000, the respondent mother of the child (respondent) filed a motion for visitation. After conducting a hearing, the trial court granted the department's motion for approval of the permanency plan and denied the motion for visitation. In denying the motion for visitation, the trial court determined that court ordered visitation was not in the child's best interests, but it did not bar future visitation entirely. Rather, the court concluded that the department might, in its discretion, together with the foster parents, permit future visitation by the respondent. On June 1, 2000, the department filed a petition for termination of parental rights as to the child.[3]

On March 30, 2000, the respondent appealed to the Appellate Court from the trial court's denial of her motion for visitation with the child. The Appellate Court reversed, in part, the judgment of the trial court, concluding that the trial court properly had denied the respondent's motion for visitation; *In re Candace H.*, 63 Conn. App. 493, 502, 776 A.2d 1180 (2001); but impermissibly had delegated to the department and to the child's foster parents[4] "its independent obligation to

---

[2] General Statutes (Rev. to 1999) § 46b-129 (k) (1) provides in relevant part: "Ten months after the adjudication of neglect of the child or youth or twelve months after the vesting of temporary care and custody pursuant to subsection (b) of this section, whichever is earlier, the commissioner shall file a motion for review of a permanency plan and to extend or revoke the commitment. Ten months after a permanency plan has been approved by the court pursuant to this subsection, unless the court has approved placement in long-term foster care with an identified person or an independent living program, or the commissioner has filed a petition for termination of parental rights or motion to transfer guardianship, the commissioner shall file a motion for review of the permanency plan to extend or revoke the commitment. . . ."

[3] The respondent father, who is not a party to this appeal, consented to the termination of his parental rights on May 16, 2001.

[4] The child's paternal aunt and uncle are her foster parents. *In re Candace H.*, supra, 63 Conn. App. 496.

determine and further the child's best interest." Id., 504. The department then filed its petition for certification to appeal to this court, which we granted. *In re Candace H.*, 257 Conn. 907, 777 A.2d 686 (2001).

On October 10, 2001, the respondent voluntarily relinquished her parental rights to the child. Thereafter, this court, sua sponte, ordered the parties to file supplemental briefs on the issue of whether the respondent's voluntary relinquishment of her parental rights rendered the appeal moot, and, if so, whether the appeal qualified for review under the " 'capable of repetition, yet evading review' " exception to the mootness doctrine. *Loisel* v. *Rowe*, 233 Conn. 370, 382, 383–88, 660 A.2d 323 (1995). The department, which had filed a supplemental brief arguing that the issue was capable of repetition, yet evading review, subsequently filed a motion requesting, in the event that this court determines the appeal to be moot that this court vacate the judgment of the Appellate Court to the extent that it reversed the trial court's decision empowering the department and the foster parents to determine the propriety of any future visitation.

After examining the record and considering the briefs and oral arguments of the parties, we conclude that this appeal has been rendered moot and should be dismissed. See *In re Jessica M.*, 250 Conn. 747, 749, 738 A.2d 1087 (1999). "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn. 481, 493, 778 A.2d 33 (2001); *State* v. *Daniels*, 248 Conn. 64, 70, 726 A.2d 520 (1999); *In re Romance M.*, 229 Conn. 345, 357, 641 A.2d 378 (1994). We further determine that the issue presently before the court is not capable of repetition, yet evading review and, therefore, does not qualify for review under the exception

to the mootness doctrine as enunciated in *Loisel* v. *Rowe*, supra, 233 Conn. 382–88. We conclude, moreover, that the judgment of the Appellate Court in this matter should be vacated.[5] Vacatur is appropriate when the public interest is served. See *U.S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership*, 513 U.S. 18, 26, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994).

The appeal is dismissed and the judgment of the Appellate Court is vacated.

In this opinion the other justices concurred.

---

[5] "Vacatur is 'commonly utilized . . . to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences.' *United States* v. *Munsingwear, Inc.*, 340 U.S. 36, 41, 71 S. Ct. 104, 95 L. Ed. 36 (1950)." *In re Alex M.*, 59 Conn. App. 389, 393, 757 A.2d 66 (2000).