JACKIE M. SELBY ET AL. *v.* THE BUILDING GROUP, INC., ET AL.
(AC 32090)

DiPentima, C. J., and Bishop and Gruendel, Js.

Argued April 20—officially released June 21, 2011

*Steven J. Selby*, for the appellants (plaintiffs).

*Daniel W. Moger, Jr.*, for the appellee (arbitrator Peter L. Truebner).

*Opinion*

PER CURIAM. The plaintiffs, Steven J. Selby and Jackie M. Selby, appeal from the judgment of the trial court denying their motion to recover arbitration fees. The sole issue raised in this appeal is whether the trial court has jurisdiction to order a nonparty, court-appointed arbitrator to return fees that the plaintiffs had paid to him. We conclude that it does not and, accordingly, affirm the judgment of the trial court.

The pertinent facts are not in dispute. The plaintiffs commenced the underlying action against the defendants after a dispute arose between the parties in relation to a contract for the construction and purchase of a new home.[1] Pursuant to General Statutes §§ 52-410 and 52-411, and in accordance with the terms of the contract between the parties, the court ordered the defendants to participate in arbitration and appointed attorney Peter L. Truebner as arbitrator. Arbitration took place in July, 2008, and on November 17, 2008, the arbitrator issued his decision awarding the plaintiffs damages of $ 11,416.90. The plaintiffs paid the arbitrator $ 2500 in fees.[2] Thereafter, the plaintiffs filed a motion to confirm the arbitrator's award, to which the defendants filed an objection claiming that the arbitrator's award was of no legal effect because it was issued beyond the time limit set forth in General Statutes § 52-416 (a).[3] The court concluded that it could not enforce the award because the arbitrator's award was of no legal effect

---

[1] The defendants in the underlying action are not parties to this appeal.

[2] The plaintiffs claim that they paid this amount to the arbitrator, and the arbitrator does not dispute this claim. Moreover, the claim is supported by statements made by Steven Selby in an affidavit that he filed with the trial court.

[3] General Statutes § 52-416 (a) provides in relevant part: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed . . . . An award made after that time shall have no legal effect . . . ."

pursuant to § 52-416 (a). Ultimately, however, the defendants were defaulted, and, after a hearing in damages, the court rendered judgment for the plaintiffs in the amount of $19,786.68.

Prior to judgment, the plaintiffs filed a motion to recover arbitration fees seeking to have the court issue an order compelling Truebner to return the $ 2500 fee they had paid to him. The plaintiffs argued that they were entitled to recover this fee because Truebner had failed to follow the court order appointing him as arbitrator, which required him to "issue a ruling that will be binding on the parties as set forth in paragraph 17 (8) (b) of the [c]ontract." (Internal quotation marks omitted.) Truebner filed an objection to this motion arguing, inter alia, that the trial court lacked jurisdiction to entertain the plaintiffs' claim against a nonparty to the action. The court denied the plaintiffs' motion, reasoning that "[t]he court appointed arbitrator Truebner pursuant to § 52-411. Accordingly, in the words of the statute, the arbitrator acted under the agreement 'with the same force and effect as if he had been specifically named . . . therein.' Therefore, the arbitrator is not a party to this proceeding, nor is he an arm of the court. Compensation of the arbitrator is governed by the agreement. The court has no jurisdiction over the arbitrator because he is not a party." The plaintiffs then filed this appeal, and we ordered, sua sponte, that the arbitrator be made a party to the appeal.

The plaintiffs claim that the court improperly denied its motion to recover arbitration fees because it erroneously concluded that it lacked jurisdiction over the arbitrator. Specifically, the plaintiffs argue that if a court has jurisdiction to appoint an arbitrator and order the parties to pay his fees, it must also have jurisdiction to resolve *any* dispute over the arbitrator's fees. We disagree.

A challenge to the jurisdiction of the trial court presents a question of law over which our review is plenary. *Rossman* v. *Morasco*, 115 Conn. App. 234, 260, 974 A.2d 1, cert. denied, 293 Conn. 923, 980 A.2d 912 (2009). "The jurisdiction of the trial court is limited to those parties *expressly named in the action coming before it. . . .* Until one is given notice of the actions or proceedings against him and is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment either for or against him even though it may have jurisdiction of the subject matter. One who is not served with process does not have the status of a party to the proceeding." (Emphasis added; internal quotation marks omitted.) *Security Ins. Co. of Hartford* v. *Lumbermens Mutual Casualty Co.*, 264 Conn. 688, 721–22, 826 A.2d 107 (2003). "It is axiomatic that a court does not have personal jurisdiction over a nonparty. If a court lacks jurisdiction over a person . . . the court has no authority to award a judgment against that person . . . ." (Internal quotation marks omitted.) *Rossman* v. *Morasco*, supra, 261; see *East Haven* v. *AFSCME, Council 15, Local 1662*, 212 Conn. 368, 373, 561 A.2d 1388 (1989) ("a court cannot render a judgment enforceable against a nonparty").

We agree with the first part of the plaintiffs' argument that the court did have jurisdiction to order the plaintiffs and the defendants to arbitrate their dispute pursuant to § 52-410 and then to appoint an arbitrator pursuant to § 52-411. The arbitrator, however, was not named as a party in the action before the court, and therefore the court had no authority to issue an order requiring the arbitrator to disgorge the fees that the plaintiffs had paid to him. The cases cited by the plaintiffs are inapposite. In *State* v. *Salmon*, 250 Conn. 147, 150–51, 735 A.2d 333 (1999), as in *State* v. *Marro*, 68 Conn. App. 849, 851–52, 795 A.2d 555 (2002), the nonparty surety of a bail bond had filed in the trial court a motion

for partial rebate of the forfeited bond under General Statutes § 54-65a (b). That section explicitly provides the nonparty surety of a bail bond with such relief.[4] The plaintiffs in the present appeal have no statutory right to recover fees paid to a nonparty arbitrator.

The judgment is affirmed.

[4] General Statutes § 54-65a (b) provides: "Whenever an arrested person, whose bond has been forfeited, is returned to the jurisdiction of the court within one year of the date such bond was ordered forfeited, the surety on such bond shall be entitled to a rebate of that portion of the forfeited amount as may be fixed by the court or as may be established by a schedule adopted by rule of the judges of the court."