******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# AMERICAN TAX FUNDING, LLC *v.* DESIGN LAND DEVELOPERS OF NEWTOWN, INC., ET AL.
## (AC 42074)

Keller, Elgo and Eveleigh, Js.

*Syllabus*

The plaintiff, A Co., sought to foreclose municipal tax liens on certain real property owned by the defendant estate. After A Co. had commenced this action, R Co. was substituted as the plaintiff and filed an amended complaint. Thereafter, the estate was defaulted for failure to plead, and the trial court granted R Co.'s motion for judgment and rendered judgment in part in favor of R Co. as against the estate as to certain counts of the amended complaint. On the estate's appeal to this court, *held* that the estate's appeal was dismissed as moot, there having been no practical relief that that this court could grant, as the judgment as against the estate was a nullity because the estate was not a legal entity that could be sued, and, therefore, the trial court did not have jurisdiction to render a judgment against it; moreover, vacation of the judgment as against the estate was appropriate under the circumstances of this case because the estate did not cause the appeal to be moot and it would prevent the judgment from spawning legal consequences and clear the path for future relitigation of the issues.

Argued December 4, 2019—officially released October 20, 2020

*Procedural History*

Action to foreclose municipal tax liens on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Danbury, where Reoco, LLC, was substituted as the plaintiff; thereafter, the substitute plaintiff filed an amended complaint; subsequently, the defendant estate of Francis D. D'Addario et al. were defaulted for failure to plead; thereafter, the court, *Russo, J.*, granted the substitute plaintiff's motion for judgment and rendered judgment in part for the substitute plaintiff; subsequently, the substitute plaintiff withdrew the remaining count of the amended complaint, and the defendant estate of Francis D. D'Addario appealed to this court. *Appeal dismissed*; *judgment vacated.*

*Paul N. Gilmore*, for the appellant (defendant estate of Francis D. D'Addario).

*David L. Gussak*, with whom, on the brief, was *Gary J. Greene*, for the appellee (substitute plaintiff).

*Opinion*

EVELEIGH, J. The defendant estate of Francis D. D'Addario (estate)[1] appeals from the judgment of the trial court rendered in favor of the substitute plaintiff, Reoco, LLC (Reoco).[2] On appeal, the estate claims, inter alia, that the court improperly granted Reoco's motion for judgment on default with respect to two counts of the amended complaint, which sought an in personam money judgment against the estate for the 2005 and 2006 taxes due on the subject property. For the following reasons, we dismiss the appeal and vacate the judgment of the trial court as against the estate.

The following facts and procedural history are relevant to our resolution of this appeal. The estate owned a 120.26 acre parcel of land located at 2 Buttonshop Road in Newtown (property). The estate failed to pay municipal property taxes to the town of Newtown (town) for the 2004, 2005 and 2006 tax years. Consequently, the town imposed tax liens on the property and recorded them in the town land records. The town subsequently assigned the tax liens to American Tax Funding, LLC (American Tax Funding), which recorded the assignments in the town land records.

American Tax Funding commenced this foreclosure action on May 4, 2011. The complaint contained three counts, which sought the foreclosure of a tax lien for each of the respective tax years. The summons listed the estate as a defendant, and on the address line, it included "c/o F. Lee Griffith, III, Co-Executor, 1 Canterbury Green, 201 Broad Street, Stamford, CT 06901; c/o Albert F. Paolini, Co-Executor, 551 Morehouse Road, Easton, CT 06612; c/o David D'Addario, Lawrence D'Addario & Lawrence Schwartz, Co-Executors, 10 Middle St., #1402, Bridgeport, CT 06604." The return of service indicates that service on the estate was executed by service on David D'Addario, as coexecutor.[3]

On June 23, 2014, Reoco filed a withdrawal of counts two and three of the complaint and, subsequently, filed a request to amend the complaint on July 23, 2014. The amended complaint sought the foreclosure of the 2004 tax lien and the collection of the 2005 and 2006 taxes. On September 2, 2014, Reoco filed a motion for default for failure to plead with respect to the estate, which was granted on September 10, 2014. Thereafter, Reoco filed a motion for a default judgment regarding counts two and three only—the collection counts for tax years 2005 and 2006. On November 20, 2014, the estate filed a motion to set aside the default and an answer containing special defenses to counts two and three. On November 26, 2014, the estate filed an objection to Reoco's motion for a judgment on the default.

The court granted Reoco's motion for a default judgment on December 4, 2014, and rendered judgment in favor of Reoco as against the estate as to counts two

and three of the amended complaint.[4] The estate filed a motion to reargue on which the trial court did not rule. Reoco subsequently withdrew the remaining count of the complaint seeking the foreclosure on the 2004 municipal tax lien. The estate timely filed this appeal.

After the parties filed their appellate briefs[5] and oral argument was held, on March 19, 2020, this court, sua sponte, ordered the parties to file supplemental briefs addressing the following questions: "[1] whether the estate . . . as opposed to a representative of the estate, has standing to invoke the jurisdiction of this court, and, [2] if not, what the remedy should be with regard to the trial court judgment." After the parties filed supplemental briefs,[6] this court, on July 14, 2020, ordered the parties to file further supplemental briefs with respect to the follow question: "Did the trial court lack subject matter jurisdiction over this case because the [estate] is not a legal entity that has the capacity to be sued?" On August 13, 2020, the parties filed their second set of supplemental briefs. In its brief, Reoco claims that this case "presents a factual situation [that] may be addressed under the statutory umbrella of [General Statutes] § 52-123, which provides for the correction of a circumstantial defect such as" the one presented in this case.[7] In contrast, the estate argues that, even though the trial court did not lack subject matter jurisdiction to render a judgment against the estate, this court should determine that the trial court's judgment against the estate is a nullity. The estate further claims, in both of its supplemental briefs, that, because the judgment against it is a nullity, no practical relief can be provided by this court and that, therefore, this court lacks subject matter jurisdiction over the appeal on the ground of mootness. We conclude that, because the present action was brought against the estate itself and not a representative of the estate, there was nothing in the record clearly indicating that the executor, and not the estate, was the real party in interest, and no motion to substitute has ever been filed, the trial court lacked jurisdiction to render judgment against the estate.

We begin our analysis by setting forth the relevant standard of review. "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . [T]his court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Internal quotation marks omitted.) *World Business Lenders, LLC* v. *526-528 North Main Street, LLC*, 197 Conn. App. 269, 273–74, 231 A.3d 386 (2020). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . [and] [t]he court must fully resolve it before proceeding

further with the case." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bialobrzeski*, 123 Conn. App. 791, 798, 3 A.3d 183 (2010); see also *Carten* v. *Carten*, 153 Conn. 603, 610, 219 A.2d 711 (1966). "If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Internal quotation marks omitted.) *M.U.N. Capital, LLC* v. *National Hall Properties, LLC*, 163 Conn. App. 372, 374, 136 A.3d 665, cert. denied, 321 Conn. 902, 136 A.3d 1272 (2016).

Moreover, because mootness implicates this court's subject matter jurisdiction, it may be raised at any time, including by this court sua sponte, and is a threshold matter that must be resolved first. See *State* v. *Charlotte Hungerford Hospital*, 308 Conn. 140, 143, 60 A.3d 946 (2013); *Commissioner of Transportation* v. *Rocky Mountain, LLC*, 277 Conn. 696, 703, 894 A.2d 259 (2006). "This is so because [i]t is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 575, 953 A.2d 868 (2008). "Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *In re Kamari C-L.*, 122 Conn. App. 815, 823, 2 A.3d 13, cert. denied, 298 Conn. 927, 5 A.3d 487 (2010).

For this court to determine whether there is any practical relief that can be afforded the estate in its appeal from the judgment rendered against it, we must first examine the issue of whether the trial court had jurisdiction to render the judgment against the estate.[8] "It is elemental that in order to confer jurisdiction on the court the [party] must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. . . . Not having a legal existence, it can neither sue nor be sued." (Citations omitted; internal quotation marks omitted.) *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985); see also *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 32, 144 A.3d 420 (2016); *Ellis* v. *Cohen*, 118 Conn. App. 211, 215, 982 A.2d 1130 (2009).

In the present case, American Tax Funding brought this action and named the estate as a defendant in the complaint. The summons lists the estate as a party, and the return of service demonstrates that service on the estate was executed by serving David D'Addario, as coexecutor.[9] The complaint, however, did not name

any of the coexecutors of the estate as parties in their representative capacities. Additionally, Reoco never amended the complaint to name the coexecutors of the estate in the action, and the coexecutors have not been named in the estate's appeal to this court, nor do their names appear on any of the appellate materials. This appeal was filed by Attorney Paul N. Gilmore on behalf of the estate.[10] All materials filed by the appellant have been submitted under the name, and on behalf, of the estate. Accordingly, the present case does not present a situation in which the file is replete with references to the coexecutors,[11] or where the coexecutors effectively were treated as parties by the other parties or the court, such that this court can conclude that the coexecutors were the real parties in interest. See *Estate of Brooks* v. *Commissioner of Revenue Services*, 325 Conn. 705, 706 n.1, 159 A.3d 1149 (2017) (although coexecutors were not named in complaint, action was clearly maintained on estate's behalf by coexecutors), cert. denied, U.S. , 138 S. Ct. 1181, 200 L. Ed. 2d 314 (2018); *In re Probate Appeal of Kusmit*, 188 Conn. App. 196, 198 n.1, 204 A.3d 776 (2019) (although summons listed named plaintiff as estate of Connor Kusmit, it was undisputed that action was maintained by coadministrators of estate); *Estate of Machowski* v. *Inland Wetlands Commission*, 137 Conn. App. 830, 832 n.1, 49 A.3d 1080 ("Although bringing the action in the name of the estate raised a substantial question [regarding this court's subject matter jurisdiction], in the circumstances of this case, we conclude that the executors were the real parties in interest, were named in operative documents, and were effectively treated as parties by the other parties and the court. In these circumstances, dismissal would result in substantial injustice."), cert. denied, 307 Conn. 921, 54 A.3d 182 (2012).

"No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment . . . may always be challenged." (Internal quotation marks omitted.) *Highgate Condominium Assn., Inc.* v. *Miller*, 129 Conn. App. 429, 435, 21 A.3d 853 (2011); see also *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 576; *Thompson Gardens West Condominium Assn., Inc.* v. *Masto*, 140 Conn. App. 271, 277, 59 A.3d 276 (2013); *Myrtle Mews Assn., Inc.* v. *Bordes*, 125 Conn. App. 12, 16, 6 A.3d 163 (2010); *Bicio* v. *Brewer*, 92 Conn. App. 158, 167, 884 A.2d 12 (2005). "It is well established that a court is without power to render a judgment if it lacks jurisdiction and that everything done under the judicial process of courts not having jurisdiction is, ipso facto, void. . . . A judgment void on its face and requiring only an inspection of the record to demonstrate its invalidity is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification . . . . It neither binds nor bars anyone. All acts performed under it and all claims flowing out of it are void. . . . A void judg-

ment is without life and will be ignored everywhere. . . . A court is without power to render a judgment if it lacks jurisdiction of the parties or of the [subject matter], one or both. In such cases, the judgment is void, has no authority and may be impeached." (Citations omitted; internal quotation marks omitted.) *Koennicke* v. *Maiorano*, 43 Conn. App. 1, 25-26, 682 A.2d 1046 (1996); see also *In re DeLeon J.*, 290 Conn. 371, 377, 963 A.2d 53 (2009) ("[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.)); *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 535, 911 A.2d 712 (2006) ("a judgment rendered without subject matter jurisdiction is void"); *Selby* v. *Building Group, Inc.*, 129 Conn. App. 599, 603, 19 A.3d 1289 (2011) ("It is axiomatic that a court does not have personal jurisdiction over a nonparty. If a court lacks jurisdiction over a person . . . the court has no authority to award a judgment against that person . . . ." (Internal quotation marks omitted.)); *Angiolillo* v. *Buckmiller*, 102 Conn. App. 697, 713, 927 A.2d 312 ("[i]f a court has never acquired jurisdiction over a defendant or the subject matter . . . any judgment ultimately entered is void and subject to vacation or collateral attack" (internal quotation marks omitted)), cert. denied, 284 Conn. 927, 934 A.2d 243 (2007); *Bicio* v. *Brewer*, supra, 92 Conn. App. 167 (same).

Because the estate was not a legal entity that could be sued, the trial court did not have jurisdiction to render a judgment against the estate. See *Freese* v. *Dept. of Social Services*, 176 Conn. App. 64, 84-85, 169 A.3d 237 (2017). Its judgment as to the estate, therefore, is a nullity and was void ab initio. Accordingly, it follows that there is no practical relief that this court can grant with respect to the appeal from a judgment that is a nullity and has no force and effect. See *Koennicke* v. *Maiorano*, supra, 43 Conn. App. 25-26. The appeal from that judgment, therefore, is moot[12] and must be dismissed.[13] See *Barber* v. *Barber*, 193 Conn. App. 190, 216, 219 A.3d 378 (2019).

We further conclude that, under the circumstances of this case, the judgment of the trial court against the estate should be vacated.[14] "Our law of vacatur is scanty and has been developed [almost] entirely in the context of civil litigation." (Internal quotation marks omitted.) *State* v. *Boyle*, 287 Conn. 478, 488, 949 A.2d 460 (2008). In making this determination, we are guided by case law from our Supreme Court. In *State* v. *Charlotte Hungerford Hospital*, supra, 308 Conn. 142, the defendant hospital appealed from a judgment of the trial court requiring it to comply with a certain subpoena. After this court affirmed the trial court's judgment, our Supreme

Court granted the petition for certification to appeal. Id. Thereafter, the underlying case was settled and the state no longer sought to enforce the subpoena. Id. Our Supreme Court determined that the appeal was moot because there was no practical relief that could be granted, and it dismissed the appeal sua sponte. Id., 143. The court went on to vacate the judgments of this court and the trial court for two reasons: "First, the hospital is not responsible for the mootness of its certified appeal. Second, the Appellate Court's unreviewable judgment may have preclusive effects against the hospital in subsequent litigation." Id. The court explained: "Although the remedy of vacatur is rooted in our supervisory authority, we have generally followed the federal courts' approach in applying that doctrine. . . . In *United States* v. *Munsingwear, Inc.*, 340 U.S. 36, 40, 71 S. Ct. 104, 95 L. Ed. 36 (1950), the United States Supreme Court explained that vacatur of a mooted case clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." (Citation omitted; internal quotation marks omitted.) *State* v. *Charlotte Hungerford Hospital*, supra, 143. Because the hospital did not voluntarily forfeit its appeal by participating in the settlement between the state and the claimant, the settlement was " 'happenstance' . . . with respect to the hospital, and vacatur [was] appropriate" in that case. (Citation omitted.) Id., 145. Our Supreme Court also determined that this court's unreviewable judgment could have preclusive, rather than merely precedential, effect against the hospital in future litigation, and that "[v]acatur of the trial court decision will further aid in the antipreclusionary aspect of the vacatur remedy. See *In re Jessica M.*, [250 Conn. 747, 749, 738 A.2d 1087 (1999)]." *State* v. *Charlotte Hungerford Hospital*, supra, 146 n.8.

*State* v. *Boyle*, supra, 287 Conn. 486–87, involved similar circumstances in which the appeal was rendered moot during its pendency and was, therefore, dismissed. Our Supreme Court next addressed the state's contention that the judgment of this court, which had reversed the judgment of the trial court, should be vacated because it was likely to spawn legal consequences. Id., 487–88. The court in *Boyle* explained: "In determining whether to vacate a judgment that is unreviewable because of mootness, the principal issue is whether the party seeking relief from [that] judgment . . . caused the mootness by voluntary action. . . . A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." (Internal quotation marks omitted.) Id., 489. Our Supreme Court vacated the judgment of this court "to [eliminate] a judgment, review of which was prevented through happenstance and to [clear] the path for future relitigation of the issues . . . ." (Internal quo-

tation marks omitted.) Id., 490–91; see also *In re Candace H.*, 259 Conn. 523, 527 and n.5, 790 A.2d 1164 (2002) (vacatur of judgment of Appellate Court was appropriate "when public interest is served" and to prevent judgment "from spawning any legal consequences" (internal quotation marks omitted)).

In the present case, the judgment of the trial court is a nullity and as such, it is not subject to review on appeal, although it is subject to vacation. See *Angiolillo* v. *Buckmiller*, supra, 102 Conn. App. 713 ("[i]f a court has never acquired jurisdiction over a defendant or the subject matter . . . any judgment ultimately entered is void and subject to vacation or collateral attack" (internal quotation marks omitted)). The estate did not cause the appeal to be moot, as it was the original plaintiff that commenced the action against a nonlegal entity, and no party ever sought a substitution of the proper party. The estate " 'ought not in fairness be forced to acquiesce in' " a judgment that is a nullity and which the trial court never had jurisdiction to render against the estate. *State* v. *Boyle*, supra, 287 Conn. 489. Vacating the judgment would prevent it from spawning legal consequences and would clear the path for future relitigation of the issues. See id., 491; see also *In re Candace H.*, supra, 259 Conn. 527 n.5.

The appeal is dismissed and the judgment against the estate is vacated.

In this opinion the other judges concurred.

[1] The named defendant, Design Land Developers of Newtown, Inc., and the estate were the record owners of the property at issue in 2004. The University of Bridgeport, Evergreen National Indemnity Company, Design Landfill Developers of Milford, Inc., Red Knot Acquisitions, LLC, and the Department of the Treasury-Internal Revenue Service, were also named as defendants in this action as subsequent encumbrancers in interest. The estate, however, is the only defendant involved in this appeal.

[2] The original and named plaintiff in this case, American Tax Funding, LLC, filed a motion to substitute Reoco as the party plaintiff on January 13, 2012, which was granted by the trial court.

[3] The return of service also listed service on Albert Paolini as coexecutor. Paolini, however, was deceased at the time of service.

[4] The judgment was rendered against the estate, as well as Design Land Developers of Newtown, Inc., and the University of Bridgeport. The judgment amount was entered as follows: "Count Two Principal: $34,518.82"; "Count Two Interest: $25,126.27"; "Count Two Fees: $24"; "Count Three Principal: $37,163.94"; "Count Three Interest: $53,075.81"; "Count Three Fees: $24"; "Additional Fees: $7175.58"; "Reasonable Attorney's Fees: $3000"; "Costs of Collection: $1361"; "Total Judgment Amount: $161,469.42."

[5] On appeal, the estate claims that the trial court erred in rendering judgment for Reoco because Reoco did not have standing to pursue an in personam action, and, thus, the trial court lacked subject matter jurisdiction. In light of our determination that the appeal is moot and that the trial court lacked subject matter jurisdiction to render judgment against the estate, we do not address this claim.

[6] In its first supplemental brief, the estate claimed that because it is not a legal entity, the judgment rendered against it by the trial court is a nullity. It further claimed that, because there is no practical relief that this court could provide, this court lacked jurisdiction over the appeal on the ground of mootness. Reoco asserted in its first supplemental brief that the estate lacked standing to bring this appeal and claimed that this court has several options for disposing of this appeal. Specifically, Reoco claimed that this court could dismiss the appeal and remand the matter to the trial court "for such disposition as that forum may determine." Reoco suggested that that

action would likely result in the estate filing a motion to dismiss and, ultimately, result in another appeal. Reoco also claimed that the appeal could be stayed and the case remanded to the trial court to dispose of the matter. Although that action, Reoco explained, would also likely result in another appeal after the trial court's decision, "the matter, if still viable, would be reactivated in this forum with such supplemental briefing and argument as the trial court's disposition may require."

[7] In support of this claim, Reoco relies on *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 636 A.2d 808 (1994). In that case, the administrator of the estate of the decedent, who was killed in a motor vehicle accident, brought a highway defect action. Id., 345. The issue on appeal was whether a defect in the civil summons form, which listed the defendant as the state of Connecticut, Department of Transportation (department), deprived the trial court of subject matter jurisdiction when the caption in the complaint identified the defendant as the Commissioner of Transportation (commissioner), and the commissioner was named as the party responsible for highway maintenance. Id., 344. It was "undisputed that the commissioner was properly named in the complaint, that the department was served, and that statutory notice had been provided to [the] then commissioner . . . . The department argue[d], nevertheless, that the defect in the civil summons form that identified the commissioner of the department 'as an agent for service' served to strip the trial court of subject matter jurisdiction." (Footnote omitted.) Id., 349. Our Supreme Court disagreed, concluding that the case presented "a classic example of a common defect in process involving the designation of the defendant," that the designation of the defendant by an incorrect name was a misnomer, and that it was "a circumstantial defect anticipated by . . . § 52-123 that can be cured by amendment. A misnomer must be distinguished from a case in which the plaintiff has misconstrued the identity of the defendant . . . ." (Footnote omitted.) Id., 350. We conclude that *Lussier* is distinguishable from the present case. Here, the original plaintiff did not merely designate the defendant by an incorrect name; it commenced an action against a nonlegal entity that does not have the capacity to be sued. Although David D'Addario, as coexecutor of the estate, had been served, a representative of the estate was never named in the complaint or other pleadings, including the judgment. The action was never brought against a representative of the estate, nor is it clear from the record that a representative acted on behalf of the estate throughout the proceedings. We conclude that the present case is more akin to *Just Restaurants* v. *Thames Restaurant Group, LLC*, 172 Conn. App. 103, 158 A.3d 845 (2017), in which this court addressed a situation similar to the one in the present case. In *Just Restaurants*, the primary issue was whether the trial court lacked subject matter jurisdiction over the action, which was commenced by the named plaintiff using a fictitious or assumed business name, or a trade name. Id., 104. The trial court rendered judgment in favor of the substitute plaintiff, and the defendant appealed to this court, claiming that the trial court erred by granting a motion to substitute the party plaintiff and by failing to dismiss the action for lack of subject matter jurisdiction. Id., 107. Specifically, it claimed that, because the named plaintiff was a trade name and was without a separate legal existence from the substitute plaintiff, the named plaintiff did not have the legal capacity to bring the action solely in its name, which deprived the trial court of subject matter jurisdiction. Id. On appeal, this court concluded that, "[p]ursuant to our law, the initiation of the action solely by the named plaintiff, which is not a legal entity and does not have a separate legal existence, cannot confer jurisdiction on the court; a dismissal, therefore, is required." Id., 108. Although, in the present case, the estate is named as a defendant and did not commence the action, the same reasoning applies. The action was wrongly commenced against a nonlegal entity, which deprived the trial court of jurisdiction over that entity.

[8] We note that "[t]his court has jurisdiction to determine whether a trial court had subject matter jurisdiction to hear a case." *State* v. *Martin M.*, 143 Conn. App. 140, 144 n.1, 70 A.3d 135, cert. denied, 309 Conn. 919, 70 A.3d 41 (2013); see also *Gemmell* v. *Lee*, 42 Conn. App. 682, 684 n.3, 680 A.2d 346 (1996) (appellate court has jurisdiction to determine whether trial court had subject matter jurisdiction); *Vincenzo* v. *Warden*, 26 Conn. App. 132, 133, 599 A.2d 31 (1991) ("[t]his court has jurisdiction to determine whether a trial court had jurisdiction"). Furthermore, "it is axiomatic that this court has jurisdiction to determine whether it has jurisdiction. *Castro* v. *Viera*, [207 Conn. 420, 430, 541 A.2d 1216 (1988)]; *State* v. *S & R Sanitation Services, Inc.*, 202 Conn. 300, 301, 521 A.2d 1017 (1987)." *First National Bank of Chicago* v. *Luecken*, 66 Conn. App. 606, 610, 785 A.2d 1148 (2001),

cert. denied, 259 Conn. 915, 792 A.2d 851 (2002).

[9] See footnote 3 of this opinion.

[10] The estate does not dispute these facts. In its first supplemental brief, it asserts: "The complaint demonstrates that the defendants are the estate and a corporate defendant (not an estate fiduciary). . . . Judgment was entered against the estate and the corporate defendant. . . . The estate, as a defendant against which judgment entered, lodged and briefed the appeal before this honorable court. No estate fiduciary was sued by the plaintiff; no estate fiduciary was made a defendant in this civil action." (Citations omitted.)

[11] Our review of the record discloses that the names of the coexecutors do not appear on any documents until 2015, when the Reoco filed a form titled "Financial Institution Execution Proceedings-Judgment Debtor Who Is <u>Not</u> A Natural Person, Application and Execution," as well as a form titled "Exemption Claim Form Financial Institution Execution." On both forms, Reoco named the estate and indicated that the forms were in care of the coexecutors. On June 7, 2016, David D'Addario and Lawrence D'Addario, as coexecutors of the estate, filed a motion for a protective order with respect to postjudgment depositions. Although the motion primarily discusses the protective order, it contains a discussion that is relevant to our analysis. The coexecutors stated that "*none of the coexecutors of the estate are named as individual defendants in this action*, so they are not judgment debtors. *The named defendant is the estate.*" (Emphasis added.) The coexecutors then explained that they are the only executors of the estate and that two of the executors named on the summons, Schwartz and Paolini, are deceased and have been so since 1993 and 2000, respectively. The other executor named on the summons, Griffith, resigned as a coexecutor of the estate more than twenty-five years earlier and his whereabouts are not known to the current coexecutors. Subsequently, the court ordered argument to be scheduled. Counsel for David D'Addario and Lawrence D'Addario then requested the motion for a protective order be marked off, which the court granted that same day.

[12] As we noted previously in this opinion, the estate claimed, in both of its supplemental briefs, that, because the judgment against it was a nullity, no practical relief could be provided by this court and that, therefore, this court lacks subject matter jurisdiction over the appeal on the ground of mootness.

[13] In light of our determination that the appeal must be dismissed for lack of jurisdiction due to mootness, we need not address the standing issue raised in the first question posed to the parties, which would provide an independent basis for the determination regarding jurisdiction. See *World Business Lenders, LLC* v. *526-528 North Main Street, LLC*, supra, 197 Conn. App. 271 n.2; see also *Carraway* v. *Commissioner of Correction*, 317 Conn. 594, 602 n.10, 119 A.3d 1153 (2015) ("We recognize that the mootness doctrine is implicated in this appeal and likely provides an independent basis for our subject matter jurisdiction determination. Because we decide the case on the basis of aggrievement, however, we need not reach the mootness issue."); *Kelly* v. *Kurtz*, 193 Conn. App. 507, 539 n.13, 219 A.3d 948 (2019) (because Appellate Court agreed with trial court's determination regarding plaintiff's lack of standing, it did not address mootness argument).

[14] Although this court is dismissing the appeal as moot, it is appropriate for this court to vacate the judgment of the trial court as well. See *State* v. *Charlotte Hungerford Hospital*, supra, 308 Conn. 146 ("[t]he appeal is dismissed and the judgments of the Appellate Court and the trial court are vacated); *State* v. *Boyle*, 287 Conn. 478, 491, 949 A.2d 460 (2008) ("[t]he appeal is dismissed and the judgment of the Appellate Court is vacated"); *In re Candace H.*, 259 Conn. 523, 527, 790 A.2d 1164 (2001) ("[t]he appeal is dismissed and the judgment of the Appellate Court is vacated"); *In re Jessica M.*, 250 Conn. 747, 748, 738 A.2d 1087 (1999) ("[t]he appeal is dismissed and the judgments of the Appellate Court and the trial court are vacated"); *Amalgamated Transit Union Local 1588* v. *Laidlaw Transit, Inc.*, 33 Conn. App. 1, 6, 632 A.2d 713 (1993) ("[t]he appeal is dismissed in part and the judgment is vacated as to that portion that states that the defendant had complied with the arbitration award").