******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SAVIN GASOLINE PROPERTIES, LLC *v.*
COMMISSION ON THE CITY PLAN OF
THE CITY OF NORWICH ET AL.
(AC 44090)

Prescott, Suarez and Clark, Js.

*Syllabus*

The defendant commission granted various permits and approvals to the
applicant, C Co., to construct and operate a gasoline station on property
it leased. The plaintiff, S Co., the owner of a gasoline station near the
property C Co. leased, appealed the commission's decision to the trial
court. The trial court affirmed the decision of the commission after
rejecting the merits of S Co.'s claim and dismissed the appeal, from
which S Co. appealed to this court. Thereafter, during the pendency of
the appeal, C Co. notified this court that it had terminated its lease and
was no longer interested in pursuing the project. *Held* that S Co.'s appeal
from the trial court was moot because this court could no longer grant
S Co. any practical relief; accordingly, because the appeal became moot
through no fault of S Co., this court granted S Co.'s motion for vacatur
and vacated the judgment of the trial court and the commission.

Argued September 7—officially released November 2, 2021

*Procedural History*

Appeal from the decision of the named defendant
granting, inter alia, a special permit application, brought
to the Superior Court in the judicial district of New
London, where Upcountry II, LLC, was cited in as an
additional party defendant; thereafter, the matter was
withdrawn as to the defendant Upcountry, LLC; subse-
quently, the matter was tried to the court, *Knox, J.*;
judgment dismissing the appeal, from which the plain-
tiff, on the granting of certification, appealed to this
court. *Appeal dismissed*; *judgment and decision
vacated.*

*Harry B. Heller*, with whom was *Andrew J. McCoy*,
for the appellant (plaintiff).

*Michael E. Driscoll*, with whom, on the brief, was
*Cassie N. Jameson*, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Savin Gasoline Properties, LLC (Savin), appeals from the judgment of the trial court dismissing its appeal of a decision of the defendant Commission on the City Plan of the City of Norwich (commission).[1] In this zoning action, the commission granted a special permit, site plan approval, and an approval of gasoline station location pursuant to General Statutes § 14-321 for a gasoline station and convenience store to be located in Norwich on property leased by the applicant, Cumberland Farms, Inc. (Cumberland).[2] Savin owns a gasoline station located at the same intersection at which Cumberland sought to construct and operate its gasoline station. The trial court upheld the decision of the commission after rejecting the merits of Savin's claim and dismissed Savin's appeal.

During the pendency of this appeal, Cumberland notified this court that it had terminated its lease and was no longer interested in pursuing the project. As a result, we instructed the parties to be prepared to address at oral argument whether, in light of Cumberland's intention not to proceed on its plan to develop the property at issue, the appeal should be dismissed as moot because this court could no longer grant Savin any practical relief. At oral argument, the court also indicated that it would entertain a motion for vacatur should one be filed by Savin. Savin subsequently filed a motion for vacatur arguing that, in the event this court determined that its appeal was moot, it should order the November 26, 2019 judgment of the trial court vacated with instruction that the trial court order the commission to vacate the special permit, corresponding site plan and § 14-321 approvals. The commission filed a response indicating that it believed that the appeal was moot and raising no objection to vacatur.[3]

Having considered the briefs and oral arguments of the parties, we conclude that the appeal is moot and, accordingly, dismiss the appeal. Furthermore, because we conclude that this appeal became moot through no fault of Savin; see *State* v. *Boyle*, 287 Conn. 478, 489, 949 A.2d 460 (2008); *In re Jessica M.*, 250 Conn. 747, 749, 738 A.2d 1087 (1999); we grant Savin's motion for vacatur and vacate the judgment of the trial court and remand with direction to the trial court to order the commission to vacate the special permit, corresponding site plan and § 14-321 approvals.

The appeal is dismissed and the judgment of the trial court and the decision of the commission are vacated.

[1] This court granted Savin's petition for certification to appeal filed in accordance with General Statutes §§ 8-8 and 8-9.

[2] The owners of the properties involved in the project at issue, Upcountry II, LLC, Franklin Development Funds II, LLC, and Agranovitch Real Estate Holding Company, LLC, were additional party defendants.

[3] Cumberland and the property owners; see footnote 2 of this opinion; have not filed any objection to the motion for vacatur.